Dean Bell, Plaintiff-Appellee, v. Continental Assurance Company, a Corporation, Defendant-Appellant.

Gen. No. 53,340.

First District, Third Division.

April 16, 1970.

Hopkins, Sutter, Owen, Mulroy, Wentz & Davis, of Chicago (Edward W. Rothe and W. L. Heubaum, of counsel), for appellant.

Bernard Spak and Gomberg, Levin and Rosen, of Chicago (Edward I. Rosen, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff seeks to recover total disability benefits under a policy of insurance issued by defendant. Cross-motions for summary judgment, supported by affidavits, were filed by the parties. The court sustained plaintiff's motion and entered judgment in his favor for $10,506.66. From that judgment defendant appeals. The issues presented for review are (1) whether plaintiff's insured occupation was that of "planer operator" and (2) whether plaintiff was totally disabled from pursuing his regular occupation. A somewhat detailed account of the transaction is necessary to an understanding of the issues.

In August 1962 an application for insurance was filled out by an agent of the defendant in accordance with plaintiff's answers to specific questions. In response to a question relative to occupation, plaintiff stated that he was a "planer operator." Upon the discovery that defendant's rate book contained no classification for "planer operator," defendant's agent told plaintiff that for rate purposes he would be listed as a "machinist" and that the term "planer operator" would be used to describe his duties. The application was signed by the plaintiff

and a policy of insurance was issued. It is this application for insurance which the defendant principally relies upon to support the position that plaintiff's insured occupation was that of "machinist."

On June 3, 1963, the plaintiff left work complaining of back pain. He was found to be suffering from a ruptured disc and surgery was performed. He was unable to return to work until January 13, 1964, a period of over seven months, during which time he received benefits under the insurance policy here involved. When he returned, he was unable to lift heavy weights or to stand for long periods of time and for those reasons he could no longer operate a planing machine. Hence, when he resumed work it was as a "bench hand," a position which, according to his employer's personnel records, required special training. As a "planer operator" he used a machine to rough out metal stamping dies from bar stock. A "bench hand" operates smaller machinery such as lathes, shapers, milling machines and drill presses. It is undisputed that both skills can be accurately classified under the more general descriptive title of "machinist."

The insurance policy upon which plaintiff bases his claim defines "total disability" as follows:

> " 'Total disability' means the complete inability of the Insured to engage in his regular occupation until Monthly Indemnity has been paid for sixty months of any period of continuous disability; thereafter during the remainder of such period, 'total disability' means the inability of the Insured to engage in any and every occupation for which he is reasonably fitted."

This provision describes two distinct types of disability coverage under the definition of total disability. The first relates to the inability of the insured to engage in his regular occupation, for which type of total disability the

276

policy restricts coverage to not more than sixty months. Beyond the sixty-month period, total disability is defined as the inability of the insured to engage in any occupation and the coverage provided is for the duration of such disability. Plaintiff has not alleged, and it is not necessary for him to prove, that he is incapable of gainful employment in any occupation. His claim is based solely on the alleged inability to engage in his regular occupation. Since the facts are not disputed, the issue will depend on the precise meaning of the phrase, "to engage in his regular occupation" and the significance to be attached to the statements made by plaintiff in the application for insurance. We proceed to a consideration of those questions.

 It has been held that under an "occupational disability" policy of insurance, the name usually used to describe the type of risk assumed by the insurer in the present case, the insured need only be incapable of performing the *duties* of his particular occupation in order to be considered totally disabled. Buffo v. Metropolitan Life Ins. Co., 277 Ill App 366; Sibley v. Travelers' Ins. Co., Hartford, Connecticut, 275 Ill App 323. The policy here in question becomes operative when the insured can no longer engage in his regular occupation. There is an undoubted relationship between the performance of duties and engaging in a particular occupation. Although we recognize that the former is included to some degree in the latter, it is the extent of inclusion which in this case must be determinative. In the instant case the insured, having been rendered incapable of functioning as a "planer operator," can no longer perform the duties he described in the application for insurance. The fact that other duties which can be generically classed under the term "machinist" can be performed by him raises a question as to the scope of this insured's disability coverage. Whether the phrase "to engage in his regular

occupation" has reference to the performance of familiar duties only or to those duties specifically listed in the application for insurance or to any duties which can be classed as those of a machinist is not clear from the policy. The rule of construction which governs under such circumstances is well settled. Ambiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured. Mosby v. Mutual Life Ins. Co. of New York, 405 Ill 599, 92 NE2d 103; Wolf v. American Cas. Co., 2 Ill App2d 124, 118 NE2d 777. We must consider the issues with this rule in mind.

Plaintiff's affidavit, together with the affidavit of defendant's sales agent, shows that plaintiff sought insurance as one engaged in the occupation of "planer operator." Thus it was apparently assumed that "planer operator," rather than being merely descriptive of duties, was a distinct occupational class. As stated by defendant's sales agent the term "machinist" was the only rate classification under which a rate for plaintiff's "occupation" could be established. That the listed occupation was only a general description for rate determination is given added weight by the affidavit of the defendant's actuary. He averred that defendant uses four occupational classes for males and that both "planer operators" and "bench hands" are classified as machinists for insurance risk purposes. For insurance rate purposes many related occupations can be considered as posing an almost identical underwriting risk. Lawyers, doctors, nurses and teachers may all be classified as professionals and a rate structure devised based on the probability of members being occupationally incapacitated. Use of such a method, however, would not require a court to interpret the contract as if the medical, legal and educational

278

professions were not, in fact, distinct occupational classes. A lawyer who is no longer able to practice law but is able to teach, is nonetheless occupationally disabled so far as his regular occupation is concerned.

 As the facts clearly demonstrate, the term "machinist" in the policy here in question was one used for the convenience of the insurer. By using a common denominator upon which underwriting risks could be classified, it enabled the insurer to establish a corresponding rate structure. As averred in the affidavits of both the plaintiff and the defendant's sales agent, it was understood at the time of the application for insurance that the term "machinist" was used for insurance rating purposes only. It did not change plaintiff's regular occupation. Thus, whether "planer operator" is considered merely descriptive of duties or as a distinct occupational class, plaintiff is entitled to recover. Regarded as a description of duties, the ambiguity involved in the phrase "to engage in his regular occupation" must be resolved in favor of the plaintiff, and his ability to perform the duties listed in the application entitled him to policy benefits.

The judgment of the Circuit Court granting plaintiff's motion for summary judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.