ILLINOIS CASUALTY COMPANY, Plaintiff-Appellant, *v.* VELMA PETERS, Adm'r of the Estate of James B. Albright, *et al.*, Defendants-Appellees.

Third District    No. 78-196

Opinion filed June 15, 1979.

James E. Bowles and Charles W. Pautsch, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Larry T. Frantz, of Law Offices of Raymond C. Rose, of Peoria, for appellees.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal concerns the interpretation of an exclusion to coverage clause in a dramshop insurance policy. The plaintiff, Illinois Casualty Company, by complaint for declaratory judgment petitioned the Circuit Court of Peoria County to obtain a declaration of its rights under a dramshop insurance policy issued to Keith E. and Delores Dalrymple as owner and James B. Albright as licensee of the I. R. Here Tavern. This declaration was necessary to determine the rights and obligations with respect to a suit brought by the dependents of James B. Albright, deceased, for loss of means of support pursuant to the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135).

A complaint had been filed by the dependent-survivors of James B. Albright under section 14 of article VI of "An Act relating to alcoholic liquors" (Ill. Rev. Stat. 1977, ch. 43, par. 135), commonly known as the Dramshop Act, for loss of means of support. This complaint alleged that

plaintiffs' means of support had been injured by the act of James B. Albright, d/b/a I. R. Here Tavern, in giving or selling beer or alcoholic liquor to Wayne Inman. It is alleged that later that same evening, Inman then drove his automobile into a vehicle driven by Albright causing Albright's death.

The plaintiff herein issued a dramshop insurance policy on July 2, 1975, to James B. Albright, d/b/a I. R. Here Tavern. The policy listed as the named insureds James B. Albright as licensee and Keith E. and Delores Dalrymple as owner. The insurance policy contained language by which the plaintiff sought to exclude the defendants, Velma Peters, administrator of the estate of James B. Albright, d/b/a I. R. Here Tavern, Kimberly Ann Albright, by her mother and next friend, Debra Albright, and Debra Albright individually, from the coverage of the plaintiff's insurance policy.

The trial court held that the exclusion portion of the dramshop insurance contract between the plaintiff insurance company and the insureds did not exclude from coverage liability arising out of a cause of action against the administrator of the estate of the named insured-licensee by his dependents. The plaintiff has appealed from that adverse ruling.

The general issue raised on review is whether the trial court erred as a matter of law in holding the exclusionary language of the dramshop insurance policy as not applying to prevent coverage in the circumstances of this case. More simply the issue is whether the policy of dramshop insurance issued by the plaintiff provided coverage for the claim raised by the dependents of the insured operator of the tavern.

The Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135) provides that a person whose person or property is injured by an intoxicated person has a right of action severally or jointly, against any person who, by selling or giving alcoholic liquor, causes the intoxication in whole or in part of such person. The liability under the Dramshop Act includes within its scope not only the sellers or givers of the intoxicating beverages, but also the owners or lessors who lease or who permit the occupation of any building with the knowledge that intoxicants are to be sold therein. The act also includes actions for damage to means of support caused by an intoxicated person or in consequence of the intoxication of any person.

■■ The facts involved in this suit are not in dispute. The construction of language used in an insurance policy and the effect of the policy are questions of law. (*Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 294 N.E.2d 7.) The question of insurance coverage being one of law it may be determined on appeal independently of the judgment of the trial court. (*In re Estate of Hoyman* (1960), 27 Ill. App. 2d 438, 170 N.E.2d 25 (where all the facts were

admitted by pleadings).) We will hereafter examine the language of the dramshop insurance contract upon which the plaintiff bases its claim for exclusion from coverage.

It is a cardinal principle of construing and interpreting contract language that if such language is clear and unambiguous it should be given its normal ordinary meaning. (*Smiley v. Estate of Toney* (1968), 100 Ill. App. 2d 271, 241 N.E.2d 116.) Although we will also consider the intention of the parties in entering into this contract of insurance we will not allow that purported intention to alter what we believe are otherwise clear and unambiguous words used in the written contract of insurance. (*Dawe's Laboratories, N.V. v. Commercial Insurance Co.* (1974), 19 Ill. App. 3d 1039, 313 N.E.2d 218.) More importantly any ambiguity, as alleged by the plaintiff, in the insurance contract must be construed against the plaintiff and in favor of providing insurance coverage generally, as was obviously intended by the insureds in purchasing the policy. *Reznick v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1058, 360 N.E.2d 461; *Grahame v. Mitchel* (1975), 28 Ill. App. 3d 334, 329 N.E.2d 17.

■ Plaintiff argues that the first clause of the exclusionary language in the policy applies to the present factual situation and prevents the insurance coverage from being applied. That clause provides:

> "If the Insured in this policy is the owner of the premises described in the Declarations, the policy does not cover loss on account of injuries or death suffered, or alleged to have been suffered by, nor injury to the means of support of any licensee or licensees or of any employee of such licensee or licensees in the insured premises, nor does it cover damage to property owned by or in the care, custody or control of the Insured or leased by the Insured to a licensee."

This language, given its plain and ordinary meaning, applies to the situation where the insured in the policy is the owner of the premises. Clearly if the means of support claim of a licensee for his own benefit were in issue here, the exclusion provided would apply. The defendants, Debra Albright and Kimberly Ann Albright, are not licensees or lessees of the owner. They are dependents of a licensee. To construe the plain language of this sentence to include the dependents of licensees would be to rewrite the contract language expanding the scope of the exclusion from coverage. We believe the better policy, consistent with the settled law, is to construe the language by giving effect to its ordinary and plain meaning. We conclude, therefore, that the plaintiff cannot support its argument of exclusion from coverage based upon the first clause of the contract exclusion provision.

The second clause of the exclusion language of the contract of

insurance applies to the situation where the insured is a licensee in the insured premises, as here. It provides:

> "If the Insured is a licensee, this policy does not cover any loss caused by the selling or giving of alcoholic liquors if the Insured does not have an appropriate license therefor, nor does it cover loss on account of injuries or death suffered or alleged to have been suffered by, or injury to the means of support of any dependents of any person or persons employed by or acting on behalf of the Insured, nor does it cover damage to property owned by, leased to or in the care, custody or control of the Insured nor does it cover loss resulting from the selling or giving by the Insured of alcoholic liquors to any persons employed by or acting on behalf of the Insured."

This clause first excludes from coverage any situation where there is a loss and the insured, licensee, does not have an appropriate license therefor. It appears the insured, James B. Albright, had the appropriate liquor license in this case, as the plaintiff does not urge this theory as a ground for exclusion from coverage. The second clause goes on to exclude from coverage any person or persons employed by or acting in behalf of the insured, whom we determine the parties obviously intended to here mean the licensee-lessee, James B. Albright. Although the clause also excludes from coverage the loss of support to dependents of those persons acting for the insured, we again conclude that the ordinary and plain meaning of the words used in context refers to the dependents of the employees of the licensee-lessee. We believe the language referred to does not need any strained construction but very plainly does not specifically exclude from coverage the dependents of the insured licensee-lessee and their claim for loss of support because of the death of the insured licensee-lessee.

■■ We do not believe this interpretation of the clear import of the language used violates the law announced in *Dawe's Laboratories, N.V. v. Commercial Insurance Co.* (1974), 19 Ill. App. 3d 1039, 313 N.E.2d 218, or *Gray v. Great Central Insurance Co.* (1972), 4 Ill. App. 3d 1084, 283 N.E.2d 261, where it was held that although the intention of the parties to the insurance contract must be given effect, that intention must be determined solely from the language used in the contract where no ambiguity is shown. To construe the contract language as plaintiff urges would be to rewrite the clause expanding its exclusion which we believe would be improper. *Graham v. Mitchell* (1975), 28 Ill. App. 3d 334, 329 N.E.2d 17; *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill. App. 2d 310, 252 N.E.2d 123.

For the reasons stated we agree with the result reached in the trial court that the exclusionary language did not operate to exclude the

defendants from insurance coverage. The judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.