Bernard GARMAN, Plaintiff,

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant.**

No. 79 C 1198.

United States District Court, N. D. Illinois, E. D.

Sept. 6, 1980.

Donald J. Parker, Gann, McIntosh, Flaherty & Parker, Chicago, Ill., for plaintiff.

William Freivogel, Sally H. Newton, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Bernard Garman brought this action against New York Life Insurance Co. pursuant to an employee health insurance policy. Jurisdiction is based on diversity jurisdiction. 28 U.S.C. § 1332. Garman alleges that New York Life is liable under the

policy for medical expenses incurred for his dependent son, Mitchell. New York Life has refused to reimburse Garman for the $13,760 he spent for his son's care at a facility called Elan One. Cross motions for summary judgment are now before the Court.

Mitchell was originally admitted to River Edge Hospital in Forest Park, Illinois. During his sixty-nine day stay there he was treated by Dr. Schwarz, a psychiatrist, for "steadily deteriorating behavior." Dr. Schwarz diagnosed Mitchell's condition as a major affective disorder and prescribed long term treatment at Elan One. He specified that Mitchell should receive individual psychotherapy, group therapy, family therapy and activity therapy and be enrolled in the hospital school program. On the basis of Schwarz's recommendation, Mitchell was transferred to Elan One where he was placed under the care of Dr. Davidson, a psychiatrist and medical director of the facility.

Elan One is a psychiatric facility designed to treat adolescent behavioral problems. It is licensed by the State of Maine as a psychiatric hospital and qualifies as a psychiatric hospital under the Illinois Mental Health Code, 1977 Ill.Rev.Stat. ch. 91½ §§ 1–5, 1–6. Claims for treatment at Elan One are consistently paid by the major insurance companies, including Aetna, Bankers Life, State Blue Cross/Blue Shield Plans, Guardian Life, John Hancock, Metropolitan Life, Prudential, Sentry, Travelers and United States Life.

At issue is the interpretation of the policy's coverage for psychiatric treatment and hospitalization. The policy, under its Major Medical provisions, provides for reimbursement for room and board charges if made by a hospital and for psychotherapy sessions if administered by a doctor. Under the policy, a hospital is defined as one which is equipped with permanent facilities for diagnosis and major surgery, and has twenty-four hour continuous nursing service by registered professional nurses and twenty-four hour continuous supervision by a staff of physicians. The major surgery requirement does not apply to facilities concerned with treatment of chronic disease.

Relying on statements of Dr. Davidson, New York Life contends that Elan One does not qualify as a hospital under the policy because it does not have the required staffing and Mitchell's psychotherapy sessions were not conducted by qualified physicians. At his deposition Davidson testified that Elan One has a nurse on duty for one eight hour shift a day, six days a week and doctors work at the facility on a regular basis. He acknowledged that no medical personnel are on duty at night or in the early morning. Davidson described Elan One's diagnostic facilities as simple but complete, with equipment for blood and urine work. He also stated that Elan One has diagnostic equipment for audiometry and ophthalmologic tests and emergency equipment to administer oxygen and anesthesia.

Garman responds that New York Life is attempting to avoid its contract by applying criteria to a mental hospital which are appropriate only to a facility designed to treat physical ailments. He asserts that nothing in the language of the policy requires the physical presence of a licensed physician twenty-four hours a day and maintains that since Davidson is a qualified doctor who directly supervises all Elan One's diagnosis and treatment activities, the requirements of the policy are satisfied. He argues that Elan One satisfies the twenty–four hour nursing service requirement because a registered nurse who lives on the premises is on call twenty–four hours a day.

It is fundamental that insurance policy provisions seeking to narrow the insurer's liability must be construed in favor of the insured. *State Farm Mutual Automobile Insurance Co. v. Childers*, 50 Ill. App.3d 453, 8 Ill.Dec. 52, 365 N.E.2d 290 (1977); *Bell v. Continental Assurance Co.*, 123 Ill.App.2d 274, 260 N.E.2d 114 (1970). Exceptions to liability must be expressed in unequivocal language so that it is reasonable to assume the insured understood and accepted these limitations. *Michigan Mutual Liability Co. v. Hoover Bros., Inc.*, 96 Ill.App.2d 238, 237 N.E.2d 754 (1968).

In construing the policy the court must consider the subject matter of the

policy, the surrounding circumstances, the situation of the parties and the predominant purpose of the policy, which is to indemnify. *Great Central Insurance Co. v. Bennett,* 40 Ill.App.3d 165, 351 N.E.2d 582 (1976). Moreover, a literal interpretation of one provision should be avoided if such interpretation leads to unreasonable or absurd results. *Welborn v. Illinois National Casualty Co.,* 347 Ill.App. 65, 106 N.E.2d 142 (1952).

 New York Life contends that the sole issue is interpretation of the contract and that the purposes of treatment at Elan One and the actions of other insurance companies in paying for treatment at Elan One have no relevance in this case. This contention is without merit. An insurance policy cannot be interpreted in a factual vacuum and language which appears unambiguous might not be so in a particular factual setting. *Glidden v. Farmers Automobile Insurance Assoc.,* 57 Ill.2d 330, 312 N.E.2d 247 (1974). Since the policy does not define psychiatric hospital, it is not possible, on the facts presented here, to determine the scope of the term. The issue of whether Elan One is a hospital within the meaning of the policy turns on: 1) the intention of the parties; 2) the subject matter the policy was intended to cover and 3) whether literal interpretation of the term hospital would lead to an unreasonable or absurd result. *See Triple–X Chemical Laboratories, Inc. v. Great American Insurance Co.,* 54 Ill.App.3d 676, 12 Ill.Dec. 447, 370 N.E.2d 70 (1977); *Great Central Insurance Co. v. Bennett,* 40 Ill.App.3d 165, 351 N.E.2d 582 (1976); *Welborn v. Illinois National Casualty Co.,* 347 Ill.App. 65, 106 N.E.2d 142 (1952). These are factual issues which are appropriately reserved for trial.

Similarly, the issue of whether the psychotherapy sessions fall within the policy's coverage is not capable of summary disposition. Whether the policy contemplated coverage for psychotherapy sessions conceived and supervised by licensed doctors, but conducted by specifically trained paraprofessionals, is a factual determination which depends on the intention of the parties. *See Rivota v. Kaplan,* 49 Ill.App.3d 910, 7 Ill.Dec. 176, 364 N.E.2d 337 (1977).

In addition to requesting reimbursement, Garman seeks punitive damages for bad faith in refusing to pay his claim. Punitive damages are not favored under the law. *First National Bank of Des Plaines v. Amco Engineer Co.,* 32 Ill.App.3d 451, 335 N.E.2d 591 (1975). Punitive damages may be awarded for breach of contract only in those situations where the breach itself constitutes an independent wilful tort. *Ledingham v. Blue Cross Plan for Hospital Care of Hospital Service Corp.,* 29 Ill. App.3d 339, 330 N.E.2d 540 (1975). However, the action of New York Life in denying payments which have been honored by other major insurance companies and denying coverage for expenses incurred at a facility which qualifies under the law of two states as a legitimate psychiatric hospital and which was recommended by a licensed doctor allows a question of fact as to whether punitive damages may be recoverable. *See Ledingham v. Blue Cross Plan for Hospital Care of Hospital Service Corp.,* 29 Ill.App.3d 339, 330 N.E.2d 540 (1975). Thus, this issue must also be reserved for trial.

Accordingly, the motions for summary judgment are denied.