(No. 54203.—

GOLDBLATT BROTHERS, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Diane Victoria Ricchiuto *et al.,* Appellees).

*Opinion filed September 30, 1981.*

Bernard Rosencranz, of Chicago, for appellant.

Cohn, Lambert & Ryan, Ltd., of Chicago (Stanford L. Lambert and John Duncker, of counsel), for appellees.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that

while employed by respondent, Goldblatt Brothers, Inc., William Schimanski sustained accidental injuries which caused his death. Decedent left surviving him Denise Schimanski, a minor child whom he was under legal obligation to support. Petitioner, Diane Victoria Ricchiuto, as mother and natural guardian of Denise Schimanski, was awarded the sum of $279.49 per week until Denise Schimanski shall have reached the age of 18 years, which sum, if she were a full-time student in an accredited educational institution, could continue until she attained the age of 25 years. On review the Industrial Commission modified the award to provide that the payment be $269.76 per week, and otherwise affirmed the award as the decision of the Commission. On *certiorari* the circuit court of Cook County confirmed and respondent appealed. 73 Ill. 2d R. 302(a).

The testimony showed that respondent operated a chain of retail department stores in Illinois, Indiana, Michigan and Wisconsin. Deceased, with one brief interruption, had been an employee of the respondent for approximately five years. He was hired at respondent's headquarters located in Chicago, and was paid from its central office located in those headquarters. His employment required him to work at any of the respondent's stores to which he was assigned, and at the time of his death he was repairing the air-conditioning system at one of respondent's stores located in Michigan.

Petitioner had been married to the decedent, but they were divorced prior to his death. At the time of the hearing before the arbitrator, Denise, the child of the parties, was 10 years of age. The divorce decree provided that decedent was to pay the sum of $45 per week for Denise's support.

Respondent contends that sections 7 and 8(b)(2) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, pars. 138.7, 138.8(b)(2)), as applied to the facts of this case, set up an arbitrary classification and as such violate the

constitutional guaranties of due process and equal protection of the laws. It argues that the statute is arbitrary and irrational in that it creates a special privilege for a single survivor who will receive the entire award, whereas if there were multiple survivors of the deceased worker, she would be required to share the sum thus recovered. It argues that the inclusion in the statute of provisions for graduated minimums based upon the number of surviving children demonstrates that the failure to provide for similar graduations concerning the maximum amounts recoverable creates an irrational and unreasonable classification.

Clearly, respondent does not have standing to attack the validity of the statutes on the grounds asserted since it is not a member of the class who would suffer the alleged discrimination. (*Board of Education v. Bakalis* (1973), 54 Ill. 2d 448, 467.) It is well settled that the validity of a statute will be considered only at the instance of parties directly affected by its invalidity, unless the unconstitutional defect is so pervasive as to render the entire act invalid. (*People v. Vandiver* (1971), 51 Ill. 2d 525.) The exception is not here applicable, and we hold that respondent is without standing to attack the statute on the grounds asserted.

Respondent contends that section 1(b)(2) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1(b)(2)), which defines an employee as including persons whose employment is outside the State of Illinois when the contract is made in Illinois, contravenes section 1 of the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution. It argues that it is denied equal protection of the law for the reason that if the deceased had been employed in Michigan under the same circumstances, Michigan law would have applied and benefits required to be paid would have been substantially lower. It argues, too, that the statute is defective for the reason that the injured employee or the survivors of a deceased employee may choose the forum in which to seek to recover worker's

compensation, and there is no provision for the employer to be heard on the question. Simply stated, it is defendant's contention that the statute provides no opportunity for it to be heard as to the proper forum for hearing the claim and in contrast to the situation where the issue of *forum non conveniens* is presented, it was given no opportunity to show the injustice of being required to defend the claim in Illinois. Respondent has cited no authority in support of these arguments, and we find that they are without merit and require no further discussion.

Respondent contends next that because petitioner filed a petition for compensation in Michigan while the cause was pending in Illinois she elected to abandon her cause of action in this jurisdiction. It argues that in filing her claim in Michigan she made an election of remedies which precluded further proceedings in Illinois.

In *District 141, International Association of Machinists & Aerospace Workers v. Industrial Com.* (1980), 79 Ill. 2d 544, the employer contended that the Industrial Commission was without jurisdiction to hear the claim because the claimant had previously filed her claim in California, had thereby elected her remedy, and could not thereafter pursue relief in Illinois, the jurisdiction in which the decedent met his death. We find apposite our statement in that case:

"The applicable Illinois statutory provision states:

'An employee or his dependents under this Act who shall have a cause of action by reason of any injury, disablement or death arising out of and in the course of his employment may elect to pursue his remedy in the State where injured or disabled, or in the State where the contract of hire is made, or in the State where the employment is principally localized.' (Ill. Rev. Stat. 1975, ch. 48, par. 138.1(b)(2).)

Clearly the language of the Act is permissive in allowing the claimant to file a claim in any of the three

forums mentioned. Our inquiry becomes whether a claimant who files a claim where the employment is principally localized, and then dismisses it, elects her remedy and is thereby precluded from filing a claim in another jurisdiction. The prevailing law in Illinois on election of remedies was set forth in *Faber, Coe & Gregg, Inc. v. First National Bank* (1969), 107 Ill. App. 2d 204, 211:

> ' "The formal doctrine of election of remedies by judicial decision has been confined gradually to its true remedial purpose as a doctrine of substance; and as stated by an eminent authority on trusts and trustees, should be confined to cases 'where (1) double compensation of the plaintiff is threatened or (2) the defendant has actually been misled by the plaintiff's conduct or (3) res adjudicata can be applied.' Bogert, Trusts and Trustees, 1935 Vol. IV, sec. 946." '

(Accord, *Altom v. Hawes* (1978), 63 Ill. App. 3d 659, 663; *Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 94.) There is no threat of double compensation on this record; District 141 has not been misled by the claimant's acts; and there has been no decision rendered in the California proceeding which would invoke the doctrine of *res judicata*. Thus, the claimant has not elected a remedy to the extent required by Illinois law so as to prevent the Commission from exercising jurisdiction over her claim." 79 Ill. 2d 544, 550-51.

Petitioner could seek recovery in either jurisdiction, and the fortuitous circumstance that the Illinois statute permitted a greater recovery than did Michigan does not serve to limit petitioner's right.

Finally respondent contends that section 7 of the Act is unconstitutionally vague for the reason that the definition of "child" contained in section 7(a) is indefinite and that, when read as a whole, section 7 is vague and uncertain concerning which provision is applicable when an employee leaves sur-

viving him a child whom he was only partially legally obligated to support.

In *Snyder v. Industrial Com.* (1969), 42 Ill. 2d 18, the court considered section 7(a) as it existed prior to the 1975 amendment. Although the 1975 amendment modified the language to some extent, it did not affect the meaning of the statute. There is no question that the surviving child here under the language of the statute and under the holding in *Snyder* was a child whom the deceased employee was legally obligated to support. We do not agree with respondent's contention that the provisions of section 7(c) are applicable. Section 7(c) is invoked only when no compensation is payable under the provisions of section 7(a). Further, we find no merit in respondent's contention that the evidence shows that the surviving child was only partially supported by the deceased and that therefore the finding of the Industrial Commission is against the manifest weight of the evidence.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*