SAWYER FRUIT AND VEGETABLE CO-OPERATIVE CORPORATION, Plaintiff-Appellant, v. LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant-Appellee.

First District (1st Division)   No. 82—1955

Opinion filed August 22, 1983.

Beryl A. Birndorf, of Chicago (Robert M. Birndorf, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Gregory S. Smith, and Lisa D. Marco, of counsel), for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Sawyer Fruit and Vegetable Co-operative Corporation (Sawyer) filed a declaratory judgment action seeking a determination that a policy issued by defendant Lumbermens Mutual Casualty Company (Lumbermens) provided coverage for damage to plaintiff's refrigeration system. Defendant's motion for summary judgment was granted and plaintiff appeals. On appeal, plaintiff contends that certain policy exclusions do not bar recovery of its claim.

We affirm.

Plaintiff's complaint alleged the following facts. During the night of April 5 and early morning of April 6, 1979, a plywood covering to a ventilation panel located in a room in which compressors were mounted was dislodged during a storm. The compressors were part of plaintiff's refrigeration system. A power failure also occurred between 3 a.m. and 7 a.m. that morning. As a result of these events,

three compressors were exposed to snow and freezing temperatures and thereby damaged beyond repair. Plaintiff filed a claim with defendant. Defendant refused to pay on the ground that the damage from the occurrence was excluded from coverage under the terms of the policy.

Defendant relied on certain exclusion provisions of the policy in denying coverage and in defending the action filed by plaintiff. The provisions state:

"This policy does not apply: ***

4. Under coverages A and B to loss ***

· (g) from an Accident caused directly or indirectly by wind including but not limited to cyclone, tornado or hurricane,

(i) from lack of power, light, heat, steam or refrigeration *** "

On appeal, plaintiff contends that the immediate and proximate cause of its loss was below freezing temperatures. Plaintiff therefore contends that the policy provided coverage for its loss because damage from freezing was not expressly excluded from coverage. In support of their interpretation of the policy, plaintiff cites *Abady v. Hanover Fire Insurance Co.* (4th Cir. 1959), 266 F.2d 362, and *Williams v. Liberty Mutual Fire Insurance Co.* (1956), 334 Mass. 499, 135 N.E.2d 910.

In *Abady* and *Williams*, wind dislodged coverings on roofs, thereby exposing pipes to freezing temperatures. Plaintiffs sought to recover under policies providing insurance for damage caused directly by windstorm. The courts interpreted the term "direct cause" as immediate cause of damage resulting from the force or effect of wind and found that defendants were not liable for damage to the pipes because such damage was not the direct result of the windstorm. However, these cases, unlike the case at bar, only involved the interpretation of the term "direct." Here, the policy exclusions pertain to damage directly or indirectly caused by wind or to damage caused by lack of power, heat, light, refrigeration or steam. Thus, the applicability of *Abady* and *Williams* is very limited and the cases are not controlling on the issues presented in this appeal.

Construction of insurance policies present questions of law to be decided by the court. (*Illinois Casualty Co. v. Peters* (1979), 73 Ill. App. 3d 33, 391 N.E.2d 547; *Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 364 N.E.2d 337.) In interpreting insurance contracts, the entire document should be examined. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203; *Weiss v. Bitumi-*

*nous Casualty Corp.* (1974), 59 Ill. 2d 165, 319 N.E.2d 491.) The language of the policy as well as the subject matter and purpose of the contract may be considered. *Estes Co. v. Employers Mutual Casualty Co.* (1979), 72 Ill. App. 3d 509, 391 N.E.2d 201, *aff'd* (1980), 79 Ill. 2d 228, 402 N.E.2d 613.

Here, plaintiff purchased boiler and machinery insurance. Such insurance is generally obtained to insure against losses caused by explosion, rupture or similar damage to the machinery and consequential damage to surrounding property. (J. Long & D. Gregg, Property and Liability Insurance Handbook 619, 622 (1965).) The condition stated in the policy involved in this case that plaintiff was to purchase multi-peril insurance also indicated the limited purpose of the insurance. The policy did not insure plaintiff against all damage to its refrigeration system, and the list of exclusions conclusively determines this fact. We further find that the cause of plaintiff's loss falls under the specified exclusions in the policy. Plaintiff stated that wind, loss of power, and the consequent loss of heat caused the damage to its compressors. The contract plainly, clearly, and unambiguously states that loss caused indirectly by wind or from loss of power and heat is not covered by the policy. When plaintiff contracted to exclude damage from loss of power and heat, we may reasonably assume that they also contracted with reference to what would follow if power and heat were lost in freezing weather. We cannot ignore the language in and the purpose of the policy and impose liability for a loss not contemplated by the parties. (*Western States Mutual Insurance Co. v. Verucchi* (1976), 38 Ill. App. 3d 266, 347 N.E.2d 63.) Also, because no genuine issue of material fact has been presented, we find the trial court did not err in granting defendant's motion for summary judgment. *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and CAMPBELL, JJ., concur.