**GOLDBLATT BROTHERS, INC.,**
**Plaintiff-Appellee,**

**and**

**Diane Victoria Ricchiuto, mother and guardian of Denise Schimanski, a minor and Continental Casualty Company, an Illinois corporation, Intervening Plaintiffs-Appellees,**

**v.**

**The HOME INDEMNITY COMPANY, Defendant-Appellant.**

**No. 84–3086.**

United States Court of Appeals, Seventh Circuit.

Argued June 7, 1985.

Decided Aug. 30, 1985.

Rehearing and Rehearing En Banc Denied Oct. 28, 1985.

---

Anne V. Swanson, Gilmartin, Hallenbeck, Schroeder & Hacker, Ltd., Chicago, Ill., for plaintiff-appellee.

Georgene M. Wilson, Sweeney & Riman, Ltd., Chicago, Ill., for defendant-appellant.

Before WOOD and CUDAHY, Circuit Judges, and WRIGHT, Senior Circuit Judge.*

* The Honorable Eugene A. Wright, Senior Circuit Judge of the Ninth Circuit, is sitting by designation.

I.

CUDAHY, Circuit Judge.

In August 1977, William Schimanski, an employee of Goldblatt Brothers, Inc. ("Goldblatt's") was electrocuted while working on the air conditioning at the Goldblatt's store in Benton Harbor, Michigan. Schimanski received his work assignments from the corporate headquarters of Goldblatt's at 333 South State Street in Chicago, Illinois. At the time of the fatal injury, there was in effect covering Goldblatt's a workmen's compensation policy (the "Policy") issued by The Home Indemnity Company ("Home"). Goldblatt's notified Home of the accident and asked Home to defend any claim and to pay amounts awarded as a result of the injury. Later Diane Ricchiuto, on behalf of Schimanski's daughter, Denise Schimanski, filed a claim with the State of Illinois Industrial Commission. Goldblatt's notified Home of this claim and referred Ricchiuto to Home.

Home denied coverage, declined to defend the workmen's compensation action and made no payments pursuant to the Industrial Commission award. The Industrial Commission made an award against Goldblatt's to Denise. The award was appealed to the Illinois Supreme Court which affirmed it. *Goldblatt Brothers, Inc. v. Industrial Commission, et al.*, 86 Ill.2d 141, 56 Ill.Dec. 38, 427 N.E.2d 118 (1981).

At the time of the accident, Goldblatt's was a certified self-insurer approved by the Illinois Industrial Commission.

Goldblatt's brought the instant suit for declaratory judgment, reimbursement of payments and the expenses of defending the claim. Ricchiuto intervened asking a declaratory judgment as to insurance coverage and payments of the award. Continental Casualty Corporation ("Continental") intervened seeking a declaratory judgment and reimbursement of payments made under a $75,000 appeal bond purchased by Goldblatt's.

All parties filed cross motions for summary judgment to determine whether the accident was covered by the Policy. The District Court ruled in September 1984 that there was no genuine issue of material fact and that the Policy covered Schimanski's accident because it occurred at the Benton Harbor Store.

Home moved for reconsideration on the grounds that the dispositive issue was whether there was or was not coverage at the State Street location from which Schimanski was assertedly working. In November 1984, the District Court denied Home's Motion for Reconsideration on the grounds that the State Street location was covered.

Home appealed and we affirm.

## II.

In pertinent part the declarations under the policy setting forth the coverage read as follows:

DECLARATIONS

Goldblatt Bros., Inc.

A Corporation & H.P. Wasson & Co.

333 South State Street

Chicago, Illinois

. . . .

Locations—All usual workplaces at or from which operations covered by this policy are conducted are located at this address unless otherwise stated herein: See Schedules Attached.

The attached schedules list *inter alia:*

Store # 63

Fairplain Plaza

1889 M 139

Benton Harbor, Michigan.

333 South State Street, Chicago, Illinois was not listed in the attached schedules. William Schimanski was, of course, a corporate employee dispatched to the Benton Harbor store to work on the air conditioning equipment there. While performing this work at the Benton Harbor location, Schimanski was electrocuted. The district court initially found that, since the accident occurred *at* a clearly covered location, it met the test under the Declarations of hav-ing occurred "at or from" such a covered workplace. Judge Kocoras therefore granted summary judgment for the plaintiffs. The defendant contended that the "Exclusions" provisions should be controlling. The relevant "Exclusions" clause reads as follows:

## EXCLUSIONS

This policy does not apply:

(a) under coverages A and B to operations conducted at or from any workplace not described in Item 1 or 4 of the declarations if the insured has, under the workmen's compensation law, other insurance for such operations or is a qualified self-insurer therefor.

Under the defendant's theory, the Chicago State Street headquarters was a workplace excluded by the Exclusions clause (because "not described in Item 1 or 4 of the declarations"), and since Schimanski was *from* the State Street location, his accident was excluded. The district court found it unnecessary to consider whether the State Street location was covered because the fact that the accident occurred *at* the Benton Harbor store was controlling.

Subsequently, Home sought reconsideration of the grant of summary judgment on its theory that the Exclusions clause controlled, the Chicago State Street location was "not described in Item 1 or 4 of the declarations," Schimanski was *from* the Chicago store and, therefore, Schimanski's accident was excluded from coverage. The Chicago State Street location apparently met the conditions of the Exclusions clause since Goldblatt's was a certified self-insurer approved by the State of Illinois Industrial Commission.

The district court denied the motion for reconsideration holding that the Chicago State Street location was a workplace described in Item 1 and was therefore not excluded. The district court reasoned that the Declarations section of the policy (Item 1) covered workplaces located "at this address [the address of the Chicago State Street store]" and that that location was

"described" in Item 1 of the declarations. The court rejected the defendant's contention that the schedules which were attached to Item 1 contained locations which superseded or were substitutions for the Chicago State Street headquarters location. The district court reasoned that Item 1 read in essence, *"All* usual workplaces of the insured ... are located at this *address* unless otherwise stated herein: See Schedules Attached." (Emphasis supplied) According to the district court, the stores listed in the attached schedules were merely added to (and included) the State Street location because in Item 1 the covered workplaces were described as located at *this address* (namely, the address of the Chicago State Street store).

The defendant describes the court's reasoning as "a very technical grammatical argument" and contends that the 333 South State Street address was intended only as a mailing address and not as a covered location. Home says that the use of the colon following the printed language in the locations section indicated that the address or addresses referred to in that printed language were to be stated after the colon and not outside the locations "box" which was contained on the contract form. Further, there was no premium information in the policy for the State Street store, as there was for the locations contained in the attached schedules. This assertedly would mean free coverage for this location, and the parties could not have intended this.

We think the technical and hypertechnical arguments employed in this case may have obscured rather than illuminated the intent of the parties. We believe the prepositions "at or from" used in connection with "workplace" are intended to establish the relationship of "operations" involving an employee to a workplace. Since the word "at" appears first in the phrase "at or from" and denotes a "strong" and unambiguous relationship (close physical proximity) and for other reasons which we ad-

dress below, "at" should be applied first and the more ambiguous and weaker preposition "from" only as an alternative if "at" is inapplicable and a further reference is necessary. Thus, if the relevant "operations" and the employee are "at" a company workplace, such as the Benton Harbor store, the only necessary inquiry is to determine whether that location is covered and not excluded. If the "operations" and the employee are not "at" a company workplace (but, for example, are in transit between locations) then the inquiry must necessarily pass to the secondary question *from* what location the operations were conducted. This approach not only gives weight to the primary position of "at" in the relevant sentences but recognizes that "at" establishes a clearer and more ascertainable relationship than does the alternative preposition, "from", which might require considerable interpretation.[1]

If operations are conducted only *at* a workplace, which may be either covered or excluded, the question of coverage is easily solved by determining the status of the workplace. On the other hand, if operations take place away from a workplace, the concept of *at* is no longer useful or applicable and recourse must be had to some such relationship as *from* what workplace the operations are being conducted. In the larger picture, therefore, *at* is primary and *from* secondary; or at least this is a usage which makes sense in the context which is presented here. The phrase "at or from" in this context means "at or (if not at) from."

If we take an approach which does not grant dominance to either preposition in the phrase "at or from," we are presumably relegated to the conundrum that operations may be conducted *at* a covered location for purposes of the Declarations yet at the same time be *from* an excluded location for purposes of the Exclusions clause. That, in fact, is apparently Home's position

---

1. For example, an employee might be dispatched from one location but his work controlled from another. Or an employee might be dispatched from the Chicago State Street location to Store #93 in Springfield, Illinois, and from there to Store #95 in Decatur, Illinois. If he was at Decatur, would he be from Springfield or from Chicago?

here. If, as Home argues, the Exclusions clause is to be granted dominance, operations which are conducted *either* at an excluded location or from such a location must be excluded. An exclusions clause in an insurance policy (as a statement of exceptions to coverage) especially must be construed strictly against the insurer and the sort of interpretation urged by Home here cannot withstand analysis on this basis. *See Michigan Mut. Liability Co. v. Hoover Bros., Inc.*, 96 Ill.App.2d 238, 237 N.E.2d 754, 758 (1968). Home's argument that Schimanski's accident was excluded from the policy because he was assigned "from" 333 S. State Street, Chicago, suggests that the intent of the parties was to define the operations covered by the policy in terms of the places of origins or the "home bases" of the employees involved— the places they were "from." Perhaps, these would also be the places from which the employees were paid. But if the intent were thus to define covered operations in terms of the places of *origin* of the employees, the disjunctive use of the word "at" would serve no useful function and could only serve to confuse. "At" refers to the geographic location of the operations in issue and has no logical connection with the places of origin of the employees involved.

On the other hand, if the intended meaning is that coverage is determined by the places "at" which operations are conducted, "from" still has the useful function, as we have pointed out, of applying when the place of injury is not precisely "at" any company location but when the employee is, for example, in transit between locations and, therefore "from" a location. Hence, "from" can meaningfully supplement "at" as we have construed it. "At" may not, however, under an interpretation such as the one we hypothesize for Home, meaningfully supplement "from," and this latter construction would make no sense.

In addition, adoption of Home's actual argument here would broaden the exclusions of the policy on the slenderest and most ambiguous of bases. Home, as the draftsman of the policy, cannot be heard to argue that based solely on the Exclusions clause an accident at the Benton Harbor store is barred merely because the affected employee came *from* the headquarters store on State Street.

■ The language of the policy was deliberately chosen to carry out the intent of the parties and there is no doubt what the words are. We believe this is almost a classic case in which a court may interpret the language of an insurance policy as a matter of law. *Sawyer Fruit & Vegetable Co-op. Corp. v. Lumbermen's Mut. Casualty Co.*, 117 Ill.App.3d 407, 73 Ill.Dec. 1, 2, 453 N.E.2d 826, 827 (1983). If several interpretations are possible, in light of the authorship of the policy, the construction advocated by the insured must be favored. *Central National Life Ins. Co. v. Fidelity & Deposit of Maryland*, 626 F.2d 537 (7th Cir.1980). Thus, in *Dawe's Lab. N.V. v. Commercial Insurance Company of Newark, N.J.*, 19 Ill.App.3d 1039, 313 N.E.2d 218, 225 (1974), the court said:

> We should also point out here that even if the language in the exclusion above analyzed was susceptible of two constructions, that construction will be adopted which is favorable to the insured. (*Home and Automobile Ins. Co. v. Scharli*, 10 Ill.App.3d 133, 136, 293 N.E.2d 914, 917). This principle is most rigorously applied in considering the meaning of exclusions incorporated into a policy of insurance. Expressions used by an insurer in attempting 'to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured.' (*Bell v. Continental Assur. Co.*, 123 Ill.App.2d 274, 278, 260 N.E.2d 114).

Therefore, we hold that in this particular context as long as the operations were conducted and the accident occurred *at* a covered and non-excluded location, the Benton Harbor store, it is not material from what location the employee was dispatched.

Home has argued in the alternative that if there is a material issue of fact as to the coverage of the 333 South State Street Store location in Chicago, summary judg-

ment was improper and there should be a trial on the issue of coverage. Specifically, Home contends that, if the intent of the parties is ambiguous, summary judgment may not be appropriate. In this connection, we think that Home, in drafting the policy, has created considerable doubt about whether the Chicago State Street store is a covered location. Certainly, Judge Kocoras' analysis on motion for reconsideration that 333 South State Street is the "address" referred to in the locations section and that the Chicago State Street store is therefore a covered location is not, at least technically, incorrect. Were this the only issue before us we would not have great difficulty in resolving any ambiguity against Home as the draftsman. But we need not decide this issue. Since we do not rely on the coverage of the Chicago State Street location to sustain the result here, we do not believe summary judgment could be defeated by an ambiguity in this respect.

Appellees have also raised for the first time on appeal the argument that Home should be estopped from denying coverage under the Workmen's Compensation Policy, on the ground that it failed to defend against the underlying workmen's compensation claim brought by Ricchiuto under a reservation of rights nor did it seek a declaratory judgment as to its rights and liabilities under the Policy. *See Thornton v. Paul,* 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978); *Reagor v. Traveler Ins. Co.,* 92 Ill.App.3d 99, 415 N.E.2d 512, 516 (1980); *Reis v. Aetna Casualty and Surety Co. of Illinois,* 69 Ill.App.3d 777, 25 Ill.Dec. 824, 387 N.E.2d 700 (1978). Because the estoppel argument was not raised below, we think it is unnecessary to address it here.

At oral argument defendant contended that, since the present claim was brought in Illinois under the Illinois Workmen's Compensation Law, it was not covered by the policy. Presumably, it would have been if brought in Michigan. We do not believe that this argument, although hinted

at by the parties, was adequately raised in the briefs. Therefore, we deem it waived.

AFFIRMED.