**Stan Kane, Plaintiff-Appellee, v. Nomad Mobile Homes, Inc., an Illinois Corporation, Paul Sachs, Mobile Office, Inc., an Illinois Corporation, and Joseph Neidlinger, Defendants.**

**Stan Kane, Plaintiff-Appellee, v. Paul Sachs, Defendant-Appellant.**

Gen. No. 50,970.

First District, Second Division.

May 16, 1967.

James E. Daniels and John M. Dahlberg, of Chicago, for appellant.

Altheimer, Gray, Naiburg, Strasburger & Lawton, of Chicago (Samuel T. Lawton, Jr., of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Stan Kane filed a two-count complaint against Nomad Mobile Homes, Inc., (hereinafter called Nomad), Paul Sachs, Mobile Office, Inc., and Joseph Neidlinger. The first count alleges the existence and breach of an exclusive output and requirement contract for the manufacture and sale of office trailers between plaintiff as buyer and Nomad as manufacturer-seller. The second count as amended, alleges that Sachs, Mobile Office, Inc., and Neidlinger jointly and severally procured Nomad to breach its contract with plaintiff and are therefore liable in tort. Each count sought a judgment for alleged damages. Defendants answered denying the material allegations of the complaint and interposed an affirmative defense.

A verdict as to Count I found in favor of plaintiff and against Nomad and assessed "the damages in the sum of $ none"; as to Count II, a verdict was found in favor of plaintiff and against Sachs, and assessed damages at $14,000; in favor of plaintiff and against Mobile Office, Inc., and assessed damages at $1,200; and in favor of defendant Joseph Neidlinger and against plaintiff. Judgments were entered in accordance with the verdicts. Nomad, Sachs and Mobile Office, Inc., filed post-trial motions for judgments notwithstanding the verdict or for a new trial. The court denied the post-trial motions of Nomad and Sachs and ordered that the judgments against these two defendants remain in force. The court allowed the motion of Mobile Office, Inc., for judgment notwithstanding the verdict and vacated the judgment against this defendant. Sachs appeals from the $14,000 judgment against him.

A legal injury is a wrongful act resulting in damages. Gillman v. Chicago Rys. Co., 268 Ill 305 at 309, 109 NE 181. As a general rule, to constitute a valid cause of action there must be both injury and damages,

as expressed by the maxim injuria sine damno. An action cannot be maintained for an injury without damage. There must be at least nominal damages. 1 CJS, § 15c, Page 1011.

Section 50(2) of the Civil Practice Act provides:

> "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

The verdict found the issues in favor of the plaintiff as to Count I and against Nomad Mobile Homes, Inc., and assessed the damages as "none."

As the verdict in the instant case found that there were no damages in the claim of plaintiff against Nomad, the court should have entered a judgment for Nomad and against plaintiff under the doctrine of injuria sine damno. As there is no valid judgment against Nomad that case is still pending. In view of the fact that the court did not make an express finding that there is no just reason for delaying enforcement or appeal the judgment did not adjudicate the rights of all the parties; hence the judgment is not enforceable or appealable. We have read Jeffrey v. Chicago Transit Authority, 37 Ill App2d 327, 185 NE2d 384, and Parke v. Lopez, 306 Ill App 486, 29 NE2d 30.

The provisions of section 50(2) of the Civil Practice Act were not in effect when the opinion in Lopez was

filed. In that case there was a valid judgment in favor of Dorothy Parke and against A. H. Lopez and there was a proper appeal prosecuted from that judgment, under the prevailing practice. In Jeffrey the court did not discuss the application of section 50(2) of the Civil Practice Act. It is interesting to note that in Jeffrey the opinion points out that nominal damages have no place "in actions of this sort" and that failure to prove actual damage entitles the defendant to a verdict "in cases in which such failure of proof occurs." In the case at bar the plaintiff did not seek nominal damages against the defendant. He sought substantial damages.

Therefore the appeal is dismissed without prejudice.

Appeal dismissed without prejudice.

LYONS, P. J. and BRYANT, J., concur.