**Emil Rohde, Plaintiff-Appellee, v. William C. Moyer, Defendant-Appellant.**

**Gen. No. 51,591.**

First District, Third Division.
November 24, 1967.
Rehearing denied December 22, 1967.

Francis X. Cuisinier, of Chicago (Francis X. Cuisinier and Clarence M. Dunagan, of counsel), for appellant.

Robert J. Anderson, of Palatine, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a decree in an accounting suit, confirming the master's report and rendering judgment for the plaintiff in the sum of $32,119.87 plus interest together with costs in the sum of $1724.30.

Defendant was plaintiff's attorney from 1956 until shortly prior to the filing of this suit in May 1964. He admits in his answer that there were transactions between him and the plaintiff and that plaintiff did on March 25, 1958 endorse over and deliver to him three promissory notes and that he collected the proceeds of such notes in the total sum of $62,821.98 plus interest. Plaintiff charges that the amount of such interest collected is unknown to him. Defendant admits the endorsement and delivery of the notes, as alleged, but in his answer says nothing about the amount of interest collected. He also admits the charge in plaintiff's complaint that he persuaded plaintiff to convey real estate to him as trustee under a trust agreement, but denies that any improper inference should be drawn therefrom. He also admits that he collected rents from real estate owned by the plaintiff.

The cause was referred to a master to hear the evidence and report his conclusions of law and fact. After extensive hearings the master reported that defendant owed plaintiff the sum of $32,119.87; that defendant had vio-

271

lated every concept of the lawyer-client relationship and had used that relationship to divert to his own use property of the plaintiff, taking title thereto as trustee with himself as beneficiary; that he was also the attorney for another client whose interests were diametrically opposed to that of the plaintiff and that he did not divulge that relationship to the plaintiff, but hid it by the use of dummy practices; that he was a principal in dealings with the plaintiff which he failed to disclose to the plaintiff, and that he failed to provide the plaintiff with customary and satisfactory accountings. In due course, objections and exceptions to the master's report were overruled and the decree entered.

In this court the only points raised by the defendant in his Points and Authorities are that plaintiff had the burden of proving his right to the desired accounting; that in an accounting suit there must first be a hearing to determine whether there is a right to an accounting and that if a right to an accounting is established, the court will enter an interlocutory decree and refer the cause to a master for an accounting. He does not defend on any meritorious basis. The sole question before us therefore is whether the court erred in not having a hearing to determine whether there was a right to an accounting before ordering the accounting and whether the court's failure to do so was such error as will require a reversal and remandment.

It appears that the defendant William C. Moyer was employed by plaintiff Emil Rohde as his attorney in 1956. Rohde was a farmer who had had only an eighth grade education. He originally employed the defendant to aid him in the sale of his farm for the sum of $150,650. The proceeds of that sale were used to purchase four parcels of real estate. Defendant was plaintiff's lawyer in various real estate transactions. Plaintiff relied heavily on his judgment and advice and allowed him a great deal

of latitude in managing his property. Defendant also handled plaintiff's tax returns.

Defendant was also engaged as attorney for one Francis S. Noonan and received retainers from Noonan in 1959 and 1960, when Noonan constructed buildings on each of the four parcels of real estate purchased by Rohde. Defendant was also the registered agent for Noonan's corporation in 1957. It was with respect to defendant's actions in the purchases hereinbefore mentioned and his relationship to Noonan that the master made the comments hereinbefore set out with respect to the defendant's relationship to the plaintiff.

■ ■ In an accounting suit there must of course be a determination of the plaintiff's right to an accounting, but it is not necessary that such determination be made in a hearing separate from that in which the amount due is determined. Southworth v. People, 183 Ill 621, 56 NE 407. Derkers v. Vaughan Co., Inc., 348 Ill App 407, 109 NE2d 262. Moreover, the need for a separate order of reference for the purpose of determining the right to an accounting is completely eliminated in the instant case, since the facts warranting an accounting are revealed in the pleadings. In such cases the right to an accounting may be determined by the chancellor without reference to a master. Wilcoxon v. Wilcoxon, 111 Ill App 90. The chancellor acted properly, and the judgment should be affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J. concur.