RICHARD SCHANE, Plaintiff-Appellant, *v.* GILBERT CONRAD, Indiv. and d/b/a Repro Supply Company, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 77-1143

Opinion filed January 19, 1979.

Edward L. Osowski, of Chicago, for appellant.

Cornelius Pitt, of Chicago, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In an action for an accounting, judgment in the amount of $16,017.90 was entered in favor of plaintiff and against defendant Gilbert Conrad, but plaintiff was denied an accounting from defendant Repro Supply Company, Inc. Plaintiff appeals, contending (1) that the judgment was less than he was entitled to receive and that the procedure employed by the trial court deprived him of a complete adjustment of all accounts; and (2) that he was also entitled to an accounting from defendant Repro Supply Company, Inc.

Alleging the existence of an oral contract of partnership and/or joint venture between himself and Gilbert Conrad, plaintiff sought an accounting of and a judgment for 50% of profits earned during the period encompassed by such agreement. Later, in an amended complaint, plaintiff sought an accounting from the corporation upon the theory that it was the repository of all business profits, assets and accounts, including those attributable to the partnership.

It appears from the evidence adduced by plaintiff that Conrad, doing business as Repro Supply, had for many years been engaged in the sale and servicing of photocopying machines when, in 1967, he and plaintiff entered into a partnership in which they were to divide equally the profits generated by new accounts solicited and serviced by plaintiff. In addition, plaintiff was to be paid a monthly draw of $1,000 to be credited against his share of the partnership profits. Plaintiff succeeded in securing two new accounts, which to the exclusion of other business done by Conrad, formed the basis of the partnership. Conrad, and later his wife, kept the only set of business records pertaining to partnership transactions and, although he believed the enterprise to be profitable, plaintiff was unaware of the amount of money due him as he never consulted such records.

Early in January 1971, the partnership terminated and, later that same year, Repro Supply was incorporated by Conrad.

At the close of plaintiff's case, the trial court stated that a prima facie showing of an oral partnership agreement had been made, and defendants then produced evidence to refute the existence of such agreement[1], which included testimony from Conrad, his accountant and others concerning the amount of profits generated by the partnership transactions. Plaintiff cross-examined each witness thoroughly and both sides introduced into evidence portions of Conrad's Federal income tax returns for the years in question. These documents were individual rather than partnership returns, and each revealed his annual net profit based upon the year's gross receipts less the amounts expended in paying commissions and other business expenses.

During the course of closing argument, plaintiff argued that the evidence established an oral partnership agreement and, therefore, that he was entitled to a subsequent accounting from defendants. The trial court refused any such hearing, stating that at the close of plaintiff's case it had ordered defendants to render an accounting; that the accounting had been accomplished through the testimony of Conrad and his accountant and the former's business records; that plaintiff had the opportunity to correct or amplify such accounting, as Conrad had twice submitted to pretrial deposition during which plaintiff cross-examined Conrad on the basis of documents tendered by him during discovery; and that plaintiff had failed to move for sanctions because of any failure of defendants to fully comply with the court's discovery order.

When plaintiff asserted that defendants had not tendered cash journals for the years in question, the trial court replied that it would have required the production of such journals had counsel requested them. In response thereto, plaintiff reasserted his contention that the law nevertheless entitled him to a further and separate hearing in which defendants should render a complete adjustment of all accounts.

The trial court then found as follows: That a partnership existed between plaintiff and Conrad; that the partnership was in existence from October 1967 through December 1970, and each partner is required to account to the other for that period; that insufficient evidence was introduced as to the financial dealings between plaintiff and Conrad during the 1967 existence of the partnership; "that no consideration to stating an account in their dealings in 1971 is given because of the actions of plaintiff in his self-dealing in the Seeburg account, as well as the declaration of Conrad dissolving any partnership or other relationship";

---

[1] As the existence of the oral partnership agreement and the attendant right to an accounting are no longer contested, no useful purpose would be served by summarizing the evidence adduced by the defense to rebut the existence of the partnership.

and that plaintiff was not entitled to an accounting from the corporate defendant. The court stated the account as between plaintiff and Conrad as follows:

"I. Net Income Declared by
   Defendant:   1968—$ 2,440.71
                1969—  40,915.73
                1970—  15,816.66
                       $59,173.10

II. To state true net income,
    the commissions to the
    plaintiff should be added:
                1968—$ 7,355.00
                1969—  10,729.30
                1970—   9,053.00
                       $27,137.30

III. Plaintiff's one-half of
            $86,310.40=$43,155.20
     Minus amount plaintiff
     received           − 27,137.30
     Balance            $16,017.90"

Based on these findings, the trial court rendered the judgment appealed from in favor of plaintiff against Conrad, individually, in the amount of $16,107.90.

OPINION

■■ Plaintiff's sole contention on appeal is stated as follows:

"When an accounting is necessary to grant complete relief, the court has a duty to order such an accounting and it must be a complete adjustment of all accounts."

A suit for an accounting involves two separate and distinct determinations; *i.e.*, that an accounting is required and that a sum certain is due to plaintiff as a result and, traditionally, these determinations have been made in separate hearings. (*Knights of the Ku Klux Klan v. First National Bank* (1928), 254 Ill. App. 264.) See 1 Ill. L. & Prac. *Accounting* §34(19) (1953), where the following was stated:

"The well-settled practice, after determining that the right to an accounting exists, where the account consists of many items covering a great length of time, and the testimony is conflicting, is

to enter an interlocutory decree to account, declaring the rights of the parties, and the basis or rule to be adopted in stating the account, and then refer the cause to a master."

As stated above, Conrad no longer contests the existence of a partnership or his duty to account to plaintiff. Thus, plaintiff argues here that when the trial court determined that a partnership existed and that Conrad should account, a subsequent hearing should have been ordered wherein a complete adjustment of all accounts could be had and that the court erred in entering judgment based upon the insufficient accounting evidence adduced at the initial hearing. To the contrary, relying upon *Rohde v. Moyer* (1967), 90 Ill. App. 2d 270, 232 N.E.2d 519, and *Hurst v. Papierz* (1973), 16 Ill. App. 3d 574, 306 N.E.2d 532, *cert. denied* (1974), 419 U.S. 835, 42 L. Ed. 2d 62, 95 S. Ct. 62, defendants argue that the procedure employed by the trial court was proper and that any deficiency in the accounting rendered by Conrad resulted from plaintiff's ineffective use of discovery.

We do not, however, see these cases as supportive of defendant's position. In *Rohde*, the plaintiff's right to an accounting was clearly evident from the pleadings, and the single hearing conducted by the trial court litigated the amount due plaintiff pursuant to such an accounting. In rejecting defendant's contention on appeal, that he was entitled to distinct hearings, the *Rohde* court held that where the judgment ordering defendant to account can be entered on the pleadings, full relief may be granted in a single proceeding. In *Hurst*, the entitlement to an accounting was determined on appeal and the cause remanded to conduct an accounting. Prior to the time of remandment, it had been the custom in the trial court to refer matters of this type to masters in chancery; however, at the time of remandment such officers had been abolished and, consequently, the trial court ordered that the accounting be conducted by an established accounting firm. Holding that such procedure was reversible error, the reviewing court in *Hurst* noted:

"* * * [T]he trial court itself must conduct the accounting, try all the issues, administer full relief to the parties and grant a judgment for the balance found due. In so doing, it is suggested that the trial court should follow established accounting procedures, except that it should not refer the case to a master or other fee officer as prohibited by the Illinois Constitution. In addition, it is suggested that the parties use the broad discovery tools available to them in the Supreme Court Rules." 16 Ill. App. 3d 574, 580, 306 N.E.2d 532, 537.

In the instant case, the initial determination as to whether plaintiff was entitled to an accounting was not clearly mandated by the pleadings, as was the case in *Rohde*. It was contested throughout the trial and

although at the close of plaintiff's case the trial court found there had been a prima facie showing of an oral partnership agreement, the defense was required to and did adduce evidence to negate the existence of the partnership, including the production of Conrad's Federal income tax returns which were filed by him as an individual. While these documents revealed pertinent financial information, they fell far short of meeting the requirement of a complete adjustment of all partnership matters. We note also that the oral partnership agreement related to only two of Repro Supply's accounts, and it was shown that at least one of the returns was inaccurate as Conrad's 1969 Federal income tax audit form indicated he had under-reported his income in the amount of $28,622.

■■ ■ As stated in *Polikoff v. Levy* (1971), 132 Ill. App. 2d 492, 499-500, 270 N.E.2d 540, 547:

> "An accounting is a statement of receipts and disbursements. A final account of a partnership or co-venture should show all of the detailed financial transactions of the business and the true status of the firm's assets. * * *
>
> In an accounting on dissolution of a partnership or co-venture, the same type of account is required as that of a trustee. The account should list all receipts and disbursements made and the original vouchers, bills and cancelled checks should be tendered or available for inspection to support the items listed. It should include a listing of original contributions and current assets and liabilities.
>
> * * * Simply because a matter has become complicated or voluminous does not excuse the duty of giving 'true and full information'. [Citations.] While the burden may be considerable, this does not eliminate the requirement of a proper account where a duty to account exists. [Citation.]"

■■ In the instant case, although an accounting encompassing the years in question would entail the production and compilation of numerous documents, the laborious and burdensome nature of the task does not make acceptable the cursory summary tendered by Conrad. (*Polikoff v. Levy*.) Nor does our reading of *Rohde* and *Hurst* require a rule establishing the sufficiency of such a tender simply because Conrad, in complying with pretrial discovery, facilitated plaintiff's inspection of an unspecified variety of supporting documentation where at the same time plaintiff was required to obtain the necessary proof to establish his entitlement to an accounting. We believe the better rule to be that where plaintiff's entitlement to an accounting is contested prior to and at trial with the facts and circumstances indicating that a truthful and complete disclosure of all matters affecting the partnership would necessarily entail the production of numerous documents spanning a lengthy period of

time, the determinations of the entitlement to an accounting and of the amount due as a result of such accounting should be made at separate hearings. Such a rule enhances the clarity of the proceedings for both the parties and the trial court and, in the end, fosters judicial economy.

We do not mean, however, to negate plaintiff's responsibility to effectively use the discovery tools available under the Supreme Court Rules. In a case such as the one before us, two phases of discovery are required. First, the plaintiff will be responsible for requesting from defendant all information regarding his entitlement to an accounting and take the initiative to procure sanctions from the trial court, if necessary. Second, except in situations such as in *Rohde* and *Hurst*, after an order has been entered requiring defendant to account, plaintiff must again engage in discovery concerning the rendition of a truthful and complete disclosure of all matters affecting the partnership (which matters may or may not include the records previously tendered) or be bound by the inadequacies of the second hearing which result from his lack of diligence during that discovery phase. See *Hurst*.

As the amount found due plaintiff in the instant case was based upon insufficient data and as he was denied a separate hearing with the attendant second discovery phase, the court's decision to the extent that it rendered a final accounting between plaintiff and Conrad was erroneous.

■ Finally, plaintiff maintains that he was entitled to an accounting from the corporation. Without citation of authority, his argument in this regard is encompassed entirely in the following statement:

"Plaintiff is entitled to relief from the corporate Defendant when the evidence discloses a transfer of all assets, liabilities and ownership from the individual Defendant to the corporate Defendant owned by the individual Defendant. Being entitled to an accounting of the individual Defendant, the Plaintiff is also entitled to an accounting of the repository of the partnership assets and income, i.e., the corporation."

This unsupported and vague argument is insufficient to merit consideration on review.

For the reasons stated, the judgment appealed from to the extent it ordered Conrad but not Repro Supply, Inc. to account to plaintiff is affirmed. However, that portion of the order which rendered a final accounting in the amount of $16,017.90 and entered judgment thereon is vacated and the cause remanded for a redetermination of the amount that may be due plaintiff consistent with the views expressed in this opinion.

Affirmed in part.

Vacated in part.

Cause remanded.

LORENZ and WILSON, JJ., concur.