THE CITY OF CHICAGO *ex rel.* JANICE COHEN, Plaintiff-Appellant and Cross-Appellee, *v.* THOMAS E. KEANE, Defendant-Appellee and Cross-Appellant.—(ADELINE KEANE *et al.*, Defendants-Appellees.)

First District (4th Division)    No. 81-516

Opinion filed March 25, 1982.

James E. Beckley and Mary E. Keefe, both of Chicago, for appellant.

Samuel S. Brown, of Chicago, for appellee John Hennessey.

Jerome H. Torshen, of Chicago, for appellee Thomas E. Keane.

Abigail K. Spreyer, of Chicago, for appellee Adeline Keane.

JUSTICE JIGANTI delivered the opinion of the court:

This taxpayer's suit was brought against the defendants, former city councilman Thomas E. Keane (Keane), his wife, Adeline Keane, and John Hennessey, Sr., to obtain an accounting and to recover profits allegedly obtained through a fraudulent scheme involving property sold for delinquent taxes in Cook County, Illinois. The defendants were partners in entities which purchased properties at the tax sales. A summary judgment motion presented by the plaintiff was granted as to the liability of Keane to account for any profits he may have received as a result of these transactions. The plaintiff then petitioned the court for an interlocutory decree of accounting. This motion was denied on the grounds that an accounting was already in evidence as a result of Keane's Federal criminal trial. This will be explained more fully later in the opinion. The case proceeded to trial on the issues of liability as to Adeline Keane and Hennessey and on the issue of damages. On motions by the defendants at the close of the plaintiff's case, a directed verdict was entered in favor of the defendants and against the plaintiff. The trial court denied the plaintiff's motion for a new trial and this appeal followed.

The primary issue on appeal is whether the trial court erred in denying the plaintiff's motion for an accounting after granting summary judgment on the issue of Keane's liability. The plaintiff also claimed that the court erred in finding that the plaintiff failed to show that the defendants profited from the fraudulent scheme, in directing a verdict in favor of Hennessey and Adeline Keane on the issue of liability, and in denying the plaintiff's motion requesting sanctions against Adeline Keane and Hennessey for failure to produce certain documents at trial.

On November 18, 1974, a judgment was entered against Keane in the United States District Court for the Northern District of Illinois following

a jury verdict finding him guilty of 17 counts of mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. §§1341, 371. The mail fraud conviction was affirmed on 14 counts and reversed on 3 counts in *United States v. Keane* (7th Cir. 1975), 522 F.2d 534, *cert. denied* (1976), 424 U.S. 976, 47 L. Ed. 2d 746, 96 S. Ct. 1481. The complaint in the instant cause tracks the Federal indictment, absent the allegations of mail fraud. Basically, the complaint alleges that Keane, as a city councilman, owed a fiduciary duty to the City of Chicago. He, along with Hennessey and Adeline Keane, devised a scheme to defraud the city by establishing three investment companies, Alpine, THAK and Wabash, which would purchase parcels of property at tax sales for resale at a profit. The complaint states that Keane then violated his fiduciary duty by using the power and influence of his public office for personal profit in the following ways: utilizing his position as chairman of the city council finance committee to obtain advance information as to which parcels would be most profitable on resale; influencing the special assessments subcommittee of the finance committee to set minimal bids with respect to foreclosures of special assessment liens; introducing and voting affirmatively on lien clearances in the city council for properties acquired by the investment companies without disclosing his interest or the interest of his partners; and exerting undue influence in sales and attempted sales to the Chicago Housing Authority and Chicago Dwelling Association. The complaint then recites that there is no adequate remedy at law and asks that the defendants be ordered to account for all profits they had received.

On September 25, 1979, the day before the trial was scheduled to begin, the plaintiff sought to file a motion for summary judgment on all issues including both liability and damages. Judge Nathan M. Cohen hesitated over allowing the plaintiff to file the motion at that late date because Judge Cohen was scheduled to leave the bench on October 31, 1979. The plaintiff then represented to Judge Cohen that she would stand on the motion regardless of the court's ruling and would proceed immediately to trial. The plaintiff further represented to the court that any proof at trial would be limited to having the defendants identify themselves as the same persons involved in the criminal trial and offering into evidence the judgment entered in the Federal district court, the United States Court of Appeals opinion and the record of the criminal proceedings. Based upon these representations, the court agreed to rule on the motion for summary judgment. On October 17, 1979, after considering the memoranda and exhibits filed in support and in opposition to the motion and the record of the Federal criminal trial, the court found that, based upon the doctrine of collateral estoppel, Keane was responsible to account for any profits he received. The court declined however, to grant the plaintiff's motion with

respect to the liability of Hennessey and Adeline Keane. On the issue of damages, the court refused to enter judgment for the plaintiff, stating that although the United States Court of Appeals opinion noted a gross profit of $167,471.30, "[p]rofit, 'gross' or 'net' was not an element of proof necessary to a determination of the ultimate issue in any count of the indictment."

After this ruling, the plaintiff requested an interlocutory decree of accounting, ordering Keane to account for all monies received in connection with the activities of Alpine, THAK and Wabash investment companies. The court denied the motion, reminding the plaintiff that she represented to the court that she would prove her case using the evidence which was presented at the Federal criminal trial. Specifically, the court stated:

> "Well, that [*i.e*, the accounting] is in evidence in the federal case. You have relied heavily on it, his accounting, and the federal case shows a loss of $26,000 and some dollars. You may wish to do that in some formal fashion, and that will be your accounting here. \* \* \* I don't expect you to engage in a process of discovery. You represented to this court you were ready, and you also represented to the court that the trial would be very, very brief and wouldn't unduly inconvenience this court. In return for that promise, and in reliance on that promise, I said you could file your motion and I would rule on it, and I have.
>
> \* \* \*
>
> Now in the course of that trial the appellate court made a note \* \* \* in its opinion of the proof with respect to gross receipts that was offered by the government, received by the court, and approved by the defendant with respect to his net loss \* \* \* on those transactions. Now it seems to me you should proceed on that basis here. And I don't know why you haven't done so."

On October 18, 1979, the trial proceeded on the issue of liability as to Adeline Keane and Hennessey, and on the issue of damages. The plaintiff introduced into evidence the record of the Federal criminal trial which included books and records from Alpine, THAK and Wabash investment companies. Keane also produced a three-page summary of loss or gain from Alpine and THAK and an agreement reflecting the sale of Keane's interest in Alpine to Nathan Schwartz. Keane's partnership tax returns were produced at trial as were the personal joint income tax returns of Keane and Adeline Keane, which were examined in camera by the court. Keane, Adeline Keane and Hennessey were called and questioned as adverse witnesses. At the close of the plaintiff's case, the court made a finding in favor of Adeline Keane and Hennessey on the issue of their

liability and in favor of all three defendants on the issue of damages. The plaintiff's motion for a new trial was denied on the grounds of lack of diligence.

Although there is some question concerning the ruling on the post-trial motion on procedural grounds, the parties agreed at oral argument that the cause is properly before this court.

The main issue in this appeal is whether the trial court erred in denying the plaintiff's motion for an interlocutory decree ordering the defendants to render an accounting. Citing *Schane v. Conrad* (1979), 68 Ill. App. 3d 961, 386 N.E.2d 431, the plaintiff contends that the trial court's determination that the defendants did not incur any profits as a result of their scheme to defraud the city was based upon insufficient data. The defendants take the position that the trial court correctly perceived that an accounting had already been made in the Federal criminal proceeding and that the plaintiff failed to show how that accounting demonstrated a profit to the investment companies involved in the wrongful transactions.

The court in *Schane v. Conrad* (1979), 68 Ill. App. 3d 961, 386 N.E.2d 431, discussed the procedure to be followed when an accounting is requested as one of the elements of relief. Basically, the court is to conduct two separate hearings. The purpose of the first hearing is to establish the duty to account of the party from whom an accounting is sought. At the second hearing, the party required to account must come forward with detailed evidence of the transactions in question. The plaintiff then has the opportunity to object to any items listed in the accounting and to use the accounting to show the amount due from the defendant. The *Schane* court also stated that the second hearing, which encompasses the actual accounting procedure, should have its own attendant phase of discovery.

The plaintiff argues that based upon the *Schane* case, once the trial court made a finding of liability as to Keane, it should have granted the plaintiff's motion for an interlocutory decree of accounting and allowed the plaintiff to engage in a second stage of discovery at that time. We believe that based upon the representations made by the plaintiff to the trial court concerning the course of the trial and the evidence to be presented, the trial court did not abuse its discretion in denying the interlocutory decree of accounting.

As previously mentioned, Judge Nathan B. Cohen was scheduled to leave the bench on October 31, 1979. He agreed to rule on the plaintiff's motion for summary judgment, presented on the eve of trial, only because the plaintiff represented to him that she intended to stand on the motion, regardless of the court's ruling. The motion, which sought judgment as to both liability and damages, was then filed along with memoranda in support and opposition. Attached to the plaintiff's memorandum support-

ing the motion were a certified copy of the judgment in the Federal criminal trial, a certified copy of the United States Court of Appeals opinion and a copy of the Federal indictment. At oral argument on the motion, the plaintiff stated that in the Federal proceeding "[t]he government introduced evidence and the jury found [that] defendant Keane's [gross] profit was at least $167,471.30." The plaintiff then presented the court with cases to support her position that judgment should be entered against Keane for this amount and that no credit should be given for taxes, sales commissions, overhead and other costs incurred by Keane in dealing with the properties.

■■ After the court ruled on the motion for summary judgment, it advised the plaintiff that it expected her to proceed immediately to trial. The court stated that it intended to hold her to her representation that the trial would be a perfunctory matter, that she would simply call the defendants to identify themselves as the parties involved in the Federal criminal trial, introduce into evidence the record of that trial and rest her case on that evidence. At that point, the plaintiff requested the court to order the defendant to proceed forward with an accounting. The trial court refused, stating "I don't expect you to engage in a process of discovery. You represented to the court you were ready, and you also represented to the court that the trial would be very, very brief. * * * In return for that promise, and in reliance on that promise, I said you could file your motion and I would rule on it and I have." The court also reiterated its understanding that the plaintiff intended to prove her case based upon the evidence introduced at the criminal trial. This understanding is borne out by the following exchange between the court and the plaintiff's attorney:

> "The Court: [W]hat you said was—and you will be held to it * * * that you intended to call Thomas Keane and ask him to identify himself as the same person who was named in the federal case and to offer the court's ruling, the judgment entered on the verdict in the district court case and the appellate court's affirmance and the denial of certiorari, and that you would rest. Weren't those your representations to me?
>
> [Plaintiff's attorney]: Your Honor, as I remember, I told the court that I would also introduce the record of the criminal proceeding—and those are the books of account of THAK and Alpine and at that point, I will request that we be given a certain period of time to give you a figure on the gross profit, which is just a number accounting."

On October 18, 1979, the day after this conversation took place, the plaintiff again moved for an interlocutory decree ordering the defendant to account. The court denied the motion, and the cause proceeded to trial.

We are mindful that the actions of the trial court did not comport with the procedures set forth in *Schane v. Conrad* (1979), 68 Ill. App. 3d 961, 386 N.E.2d 431. However, we do not believe that the court abused its discretion in denying the motion for an accounting and holding the plaintiff to the representation she made concerning the course of the trial and the nature of the evidence to be presented.

The plaintiff also claims that the trial court's finding that the plaintiff failed to prove any profit accruing to the defendant was against the manifest weight of the evidence. Specifically, she contends first, that the court erred by relying on dicta from the United States Court of Appeals opinion in *United States v. Keane* (7th Cir. 1975), 522 F.2d 534, *cert. denied* (1976), 424 U.S. 976, 47 L. Ed. 2d 746, 96 S. Ct. 1481. Second, she claims that the court erred in giving credence to losses created by a less than arm's length transaction in which Keane sold his interest in Alpine Investments to Nathan Schwartz.

■■ We find no merit in the plaintiff's first contention. It is true that the court referred to the United States Court of Appeals' observations that the evidence before it revealed a "gross profit of $167,471.30," and a "net loss of $26,032.07 for all transactions involving THAK and Alpine properties." (*United States v. Keane* (7th Cir. 1975), 522 F.2d 534, 543-44.) However, the trial court explicitly acknowledged that these figures were not controlling because "[p]rofit, 'gross' or 'net' was not an element of proof necessary to a determination of the ultimate issue in any count of the indictment." During the trial, the court received into evidence the record of the Federal criminal trial, which included books and records of Alpine, THAK and Wabash investment companies. He also considered Keane's three-page summary of loss or gain from Alpine and THAK and the agreement reflecting the sale of Keane's interest in Alpine. The court ordered that Keane's partnership tax returns be produced at trial. He also conducted an in camera inspection of the personal income tax returns of Thomas and Adeline Keane. The plaintiff had an opportunity to examine Keane as to the validity of these items. There is no indication in the record that the court chose to ignore the evidence and rely instead upon the observations of the Seventh Circuit Court of Appeals.

In regard to the second contention, we feel that the evidence was sufficient to support the trial court's finding that the sale of Keane's interest in Alpine to Schwartz created a *bona fide* loss. There was evidence before the court that Keane's interest was transferred after extensive negotiations between Keane and Schwartz, with attorney Harry Rubenstein acting as a go-between.

Because we agree with the trial court's finding that the plaintiff failed to prove any profits accruing to Keane, we find it unnecessary to consider

Keane's cross-appeal on the issue of liability. (See *Kane v. Nomad Mobile Homes, Inc.* (1967), 84 Ill. App. 2d 17, 228 N.E.2d 207.) The same is true as to the liability of Hennessey and Adeline Keane. It appears that the evidence upon which the plaintiff sought to establish damages encompassed the transactions of all three of the investment companies involved in the wrongful transactions. The trial court found that the evidence failed to show any profits resulting from those transactions and this court, in our earlier discussion, held that this finding was supported by the manifest weight of the evidence.

■■ The plaintiff's final contention is that the trial court abused its discretion in denying her motion for the issuance of a rule requiring Adeline Keane and Hennessey to show cause why they should not be sanctioned for failure to comply with a court order prohibiting them from destroying, disposing of, or obliterating records pertaining to the instant cause. The order was entered on September 17, 1975, during the pendency of the appeal from the verdict in the federal criminal trial in *United States v. Keane* (7th Cir. 1975), 522 F.2d 534, *cert. denied* (1976), 424 U.S. 976, 47 L. Ed. 2d 746, 96 S. Ct. 1481. On October 30, 1979, after the plaintiff rested her case, she moved for sanctions against Hennessey and Adeline Keane, claiming that the books, records and tax returns produced both prior to and during trial were incomplete. At a hearing on the rule to show cause, Adeline Keane stated that she had never been in possession of the books and records requested by the plaintiff, and that she turned over all documents pertaining to Wabash which she could locate. She stated that her copies of the partnership tax returns were turned over to her personal accountant who died before entry of the order of September 17, 1975. She could not locate any copies of those returns and did not remember the name of the person who prepared the Wabash partnership returns. Hennessey stated that at the time the order was entered, all the books and records in his possession which were pertinent to this cause had been delivered to the United States Attorney for the Northern District of Illinois, pursuant to a subpoena served upon Hennessey in the matter of *United States v. Keane*. On September 13, 1979, the plaintiff served Hennessey with a notice to produce at trial all of the books and records in his possession and control. Hennessey claimed that pursuant to this notice he did turn over all the books and records of Alpine, THAK and Wabash that had been returned to him by the United States Attorney. At the conclusion of the hearing, the court refused to impose sanctions against Hennessey and Adeline Keane. It is a general rule that imposing sanctions against a party for noncompliance with discovery rules is within the discretion of the trial court. (See *Reske v. Klein* (1962), 33 Ill. App. 2d 302, 179 N.E.2d 415.) We believe that it was within the discretion of the trial

judge to find that these defendants complied as fully as possible with the discovery order.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.