GARTH UHWAT, Plaintiff-Appellee, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant (Cheryl Illg *et al.,* Defendants-Appellees).

Second District   No. 2—83—0526

Opinion filed June 21, 1984.

Julian Johnson, of Snyder, Clarke, Dalziel & Johnson, of Waukegan, for appellant.

Charles W. Smith, of Rosing, Magee & Applehans, of Waukegan, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Country Mutual Insurance Company (Country Mutual), appeals from a judgment entered in favor of plaintiff, Garth Uhwat, after a jury trial in a declaratory judgment action which plaintiff brought to determine whether his 1976 Ford pickup truck was covered as a "newly-acquired vehicle" under the terms of a personal vehicle policy that he had with Country Mutual.

Country Mutual raises the following issues on appeal: (1) whether the trial court erred in failing to strike and dismiss plaintiff's amended complaint for failure to allege a good cause of action; (2) whether the Ford pickup truck was a "vehicle" within the definitions in Section I of the policy and whether that was a question of law to be decided by the court; (3) whether the pickup truck was acquired for the same use within the meaning of the policy as the insured vehicle, a 1974 Chevrolet four-door sedan, and whether that was a question of law to be decided by the court; (4) whether the trial court erred in admitting into evidence 1978 and 1979 partnership income tax returns; and (5) whether plaintiff's counsel engaged in prejudical final argument.

Plaintiff filed an amended complaint for declaratory judgment alleging, *inter alia*, that Country Mutual issued a policy of personal vehicle liability insurance which was in full force and effect on October 4, 1979, and provided for payment of claims for bodily injury and property damage caused by accident arising out of ownership, maintenance, or use of a vehicle and for defense of any suit alleging such bodily injury or property damage; that on or about September 15, 1979, plaintiff acquired ownership of a pickup truck; that on or about October 4, 1979, plaintiff, while driving the pickup truck, was involved in an accident with Cheryl Illg; that the policy provided in part:

"5. AUTOMATIC INSURANCE ON NEWLY ACQUIRED VEHICLE

If the vehicle described in the Declarations is disposed of and

another acquired in its place by the Named Insured, or spouse, this policy shall without notice transfer to the newly acquired vehicle.

The insurance coverage of this policy with respect to the vehicle described in the Declarations shall also apply to an additional vehicle of which the Named Insured or spouse acquired ownership evidenced by certificate of title thereto. If the vehicle acquired is a motor vehicle as defined in Section I this paragraph shall apply if the newly acquired motor vehicle was acquired for the same use as a motor vehicle described in the Declarations and, provided further the Company insures all vehicles and automobiles owned by and titled to the Named Insured or spouse.

The terms of the two preceding paragraphs apply provided notice of delivery of such vehicle to the Named Insured or spouse is given to the Company within the policy period then current, or if delivery is less than thirty (30) days prior to the end of such period, then within thirty (30) days after delivery. This General Condition 5 shall not extend or affect the expiration provisions of this policy. The Named Insured shall pay any additional premium required for such insurance afforded from date of delivery of such vehicle'';

that Illg had filed a complaint against plaintiff seeking property damages and plaintiff believed he would be sued by Illg for personal injuries; that plaintiff made demand upon Country Mutual to assume his defense and to afford liability coverage by reason of the contract of insurance, but Country Mutual refused to undertake plaintiff's defense. Plaintiff asked the court to declare the rights of the parties, declare that Country Mutual was obligated to defend plaintiff and to reimburse plaintiff for amounts spent in his defense, and construe the insurance policy as including the vehicle which plaintiff was operating on October 4, 1979, as an additional vehicle.

Attached to the amended complaint were a copy of the personal vehicle policy, the complaint filed by Illg against plaintiff, and the letter from Country Mutual, signed by Phillip Collins, to plaintiff denying coverage. The definitions under Section I of the policy provided in pertinent part:

" 'Vehicle' means any Private Passenger Automobile described in the Declarations or any Motor Vehicle described in the Declarations and includes a Temporary Substitute Vehicle; and under Coverages A and B, includes (1) a trailer designed for use with a Private Passenger Automobile and while used in conjunction

with the Private Passenger Automobile described in the Declarations or Motor Vehicle described in the Declaration; providing it is not (a) a passenger trailer, (b) a trailer used for business purposes other than farming, (c) a trailer used as premises for office, store, display purposes, and (d) a trailer while used as a permanent residence, and (2) a farm wagon or farm implement while used with the Private Passenger Automobile described in the Declarations or the Motor Vehicle described in the Declarations.

\* \* \*

'Motor Vehicle' means a land motor vehicle including trailers designed for use with a Private Passenger Automobile, but shall not include Private Passenger Automobiles, Midget Automobiles, Motorcycles, or Motorscooters unless described in the Declaration."

Country Mutual filed a motion to strike and dismiss the amended complaint, arguing that it failed to state a good cause of action. The trial court denied the motion.

The following evidence was adduced at trial: plaintiff and Peter Ratajczyk were partners in the Joe Meyer Tree Service. The 1976 Ford pickup truck was originally purchased in 1977 and was paid for by trading in a truck owned by the Joe Meyer Tree Service and with a loan procured by plaintiff. Although title to the truck was taken in plaintiff's name, the partnership made payments on the truck and the license plates were acquired in the name of the Joe Meyer Tree Service. While being used in the partnership business, the pickup was used for traveling to and from one job to the next and for hauling tools, power saws, ladders, ropes, and pulleys.

Plaintiff testified that he acquired ownership of the truck on September 9 or 10 of 1979 in a dissolution of the partnership. After that dissolution, the truck was used for transportation, and he did not haul anything in it except for perhaps firewood for his fireplace. Plaintiff owned a 1974 Chevrolet and a snowmobile which were insured by Country Mutual. The Chevrolet was used for personal transportation. Plaintiff stated that on October 4, 1979, while driving the pickup truck, he was involved in an accident with Cheryl Illg. Illg sued him, and he asked County Mutual to defend him, but the company refused.

Plaintiff's wife, Bonnie Uhwat, testified that she tried to call their insurance agent with Country Mutual, LeRoy Gallagher, several times at the end of September, prior to the accident, but she could not get in touch with him. After the accident, she called Country Mutual and talked to a Mr. Phillips and told him they had gotten a truck recently

and that it had been in an accident and asked if they had insurance. She stated that Mr. Phillips said there was no problem; as soon as she brought in the check for the insurance premium, the truck would be covered and they would process the claim. Mrs. Uhwat further stated that she had her sister-in-law take the premium in. About a month later, after receiving a letter from Country Mutual, Mrs. Uhwat called Mr. Phillips who said the Uhwats were not covered because it was a truck and not a car.

Mary Soder, office manager for Country Mutual, identified a personal vehicle insurance application for the pickup truck and stated that no one named Mr. Phillips was an agent in their office but admitted that a Phillip Collins had worked there. Peter Carrigan, an agent for Country Mutual, identified his handwriting on the application which was in black ink, but he did not know who filled out the parts written in blue ink. He said he spoke with one of the applicants but denied telling Mrs. Uhwat that coverage would extend to the October 4, 1979, accident.

Pursuant to a motion to produce, Peter Ratajczyk, plaintiff's former partner, brought in copies of the partnership tax returns for 1978 and 1979. Ratajczyk testified that he had looked for other documents requested by defense counsel in his subpoena but was unable to find the bill of sale for the pickup truck, the check used for its purchase, or the receipt for payment. He also stated that he did not bring insurance policies for the pickup truck in the name of Joe Meyer Tree Service.

Leonard Dam, accountant for the Joe Meyer Tree Service, testified that a 1976 pickup truck was listed on the depreciation schedules for the 1978 and 1979 tax returns. Country Mutual objected, arguing that documents requested by the notice to produce had not been produced so that it was unable to intelligently examine the witness, and moved that the witness' testimony be stricken and the tax forms not be admitted into evidence. The trial court admitted the tax forms into evidence. On cross-examination, Dam testified that charges were made against the individual partner's account and those records were retained by the client. Defendant again objected because those records had not been produced.

Country Mutual moved for a directed verdict, arguing that the pickup truck was not a "vehicle" as defined in the policy and was not acquired for the same use as the 1974 Chevrolet. The motion was denied. The jury found for plaintiff and against Country Mutual and awarded no damages. Country Mutual's post-trial motion seeking judgment notwithstanding the verdict or, in the alternative, a new

trial, was denied, and this appeal followed.

■ Country Mutual first contends that the amended complaint failed to allege a good cause of action in that while plaintiff alleged that the truck was covered as an additional vehicle under paragraph 5 of the policy, he did not specifically allege facts which would show that he fulfilled the requirements of that provision which would entitle him to coverage. Plaintiff claims that this contention has been waived because Country Mutual did not raise this issue in its post-trial motion.

Country Mutual does not argue that the amended complaint totally fails to state a cause of action but instead challenges its sufficiency with respect to the particularity with which the facts are set out. (See *Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 250, 52 N.E.2d 177.) While there may be a difference between alleging a good cause of action in a defective manner and in stating no cause of action in determining when the complaint can be challenged (*Lasko v. Meier* (1946), 394 Ill. 71, 73-75, 67 N.E.2d 162; *Owens-Illinois v. McKibbin* (1943), 385 Ill. 245, 250, 52 N.E.2d 177; see also *Swager v. Couri* (1979), 77 Ill. 2d 173, 183-86, 395 N.E.2d 921), for the purpose of this appeal, we choose to ignore possible waiver considerations and to proceed to an examination of the sufficiency of the amended complaint.

After a careful review of the amended complaint, and cases wherein the sufficiency of the complaint has been questioned (see, *e.g., Carrao v. Health Care Service Corp.* (1983), 118 Ill. App. 3d 417, 420-21, 454 N.E.2d 781; *Bank of Lincolnwood v. Comdisco, Inc.* (1982), 111 Ill. App. 3d 822, 826-28, 444 N.E.2d 657), and keeping in mind the guidelines set forth in *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976, we find that the allegations of the amended complaint constitute the substance of a good cause of action. While plaintiff did not specifically allege that he had fulfilled all the requirements to be eligible for coverage under paragraph 5, his allegations that the policy was in effect, that it made provision for newly acquired vehicles, that he had a newly acquired vehicle, and that he made demand upon defendant to assume his defense and afford coverage based on the policy, clearly reveal that he believed he met the requirements for coverage. Although the better practice may have been to allege also that all plaintiff's duties under the policy had been performed (see *Scott v. Freeport Casualty Co.* (1945), 392 Ill. 332, 340, 64 N.E.2d 542) and that the truck was a "motor vehicle" as defined in the policy and acquired for the same use as his other vehicles, the amended complaint was not vague or uncertain, and Country Mutual

was not unaware of plaintiff's claim.

■ Country Mutual next argues that whether the pickup truck would fall within the provisions of the insurance policy was a question of law which should have been decided by the trial court, not the jury. The controlling case is *United Farm Bureau Mutual Insurance Co. v. Elder* (1981), 86 Ill. 2d 339, 427 N.E.2d 127, where the court was faced with deciding whether a Volkswagen was a replacement or additional vehicle as defined in the insurance policy. The court stated that this was a question of law to be determined by the court. (86 Ill. 2d 339, 342; 427 N.E.2d 127.) When facts are undisputed, the question whether those facts fall within the provisions of an insurance policy is a matter of interpretation, the province of the court rather than the fact finder. (86 Ill. 2d 339, 342-43, 427 N.E.2d 127; see also *Sawyer Fruit & Vegetable Co-Operative Corp. v. Lumbermans Mutual Casualty Co.* (1983), 117 Ill. App. 3d 407, 408, 453 N.E.2d 826; *Illinois Casualty Co. v. Peters* (1979), 73 Ill. App. 3d 33, 34, 391 N.E.2d 547.) The trial court found *United Farm Bureau* distinguishable, saying that in that case all facts were admitted whereas in the instant case facts were contested. While questions of fact exist in this case, we believe that the question of whether the pickup truck was a "vehicle" can be determined solely through interpretation of the policy without the aid of a fact finder.

Nevertheless, reversal is not required since a reviewing court may make an independent determination of questions of law. (*Bowers Manufacturing Co. v. Chicago Machine Tool Co.* (1983), 117 Ill. App. 3d 226, 232, 453 N.E.2d 61; *Skokie Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 1054, 452 N.E.2d 804.) In interpreting the policy, we initially note that if a provision of an insurance contract can reasonably be said to be ambiguous, it will be construed in favor of the insured and against the insurer, who was the drafter of the instrument. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4, 429 N.E.2d 1203.) However, if the provisions of the insurance policy are clear and unambiguous, there is no need for construction, and the provisions will be applied as written. (88 Ill. 2d 1, 4, 429 N.E.2d 1203.) All the provisions of the insurance contract, rather than an isolated part, should be read together to interpret it and to determine whether an ambiguity exists. 88 Ill. 2d 1, 5, 429 N.E.2d 1203.

■ Under paragraph 5 of the policy in question, insurance coverage will extend to a newly acquired vehicle if it "is a motor vehicle as defined in Section I ***." Section I provides that a " 'Vehicle' means any Private Passenger automobile described in the Declarations or

any Motor Vehicle described in the Declarations \*\*\* 'Motor Vehicle' means a land motor vehicle including trailers \*\*\* but shall not include Private Passenger Automobiles, Midget Automobiles, Motorcycles, or Motorscooters \*\*\*." After reviewing these provisions, we conclude that there is no ambiguity, and where provisions are clear and unambiguous, it is the duty of the court to enforce them according to their plain meaning. (*Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 371, 418 N.E.2d 744.) Here, coverage will extend to land motor vehicles, including trailers but excluding private passenger automobiles (which are covered but defined elsewhere), midget automobiles, motorcycles, and motorscooters. A pickup truck is not specifically mentioned or separately defined in the insurance contract, and it is obviously a "land motor vehicle" in the plain and ordinary sense of that phrase. Because we find that the pickup truck falls within the definition of "motor vehicle" and thus qualifies for coverage, we need not determine whether it could also qualify for coverage as a "private passenger automobile," which the policy defines as "a four wheel land motor vehicle of private passenger or station wagon type \*\*\*."

■ Country Mutual, again relying on *United Farm Bureau Mutual Insurance Co. v. Elder* (1981), 86 Ill. 2d 339, 427 N.E.2d 127, similarly argues that the use of the truck was not disputed and should have been determined by the trial court. On this issue, however, Country Mutual's reliance on *United Farm Bureau* is misplaced. In that case, the Illinois Supreme Court stated:

"The sole question is whether the Volkswagen was a replacement or an additional vehicle as defined in the policy. That question is one of law, to be determined by the court. When facts are undisputed, the question of whether those facts fall within the provisions of an insurance policy is a matter of interpretation, the province of the court rather than the fact finder. [Citation.] This rule is a corollary of the more general statement that where the facts are not in dispute, their legal effect is a matter of law. [Citation.] Some courts have referred to the issue in this case as a mixed question of fact and law [citation], but that type of characterization should be sparingly applied. There is a mixed question only where there is some dispute over what happened—when the accident occurred, *how the replaced vehicle was used* and the like. Where the facts are clear, it is the responsibility of the court to rule on the legal effect of those facts [citation], and there is no need for the services of a fact finder." (Emphasis added.) (86 Ill. 2d 339, 342-43, 427 N.E.2d 127.)

Thus, *United Farm Bureau* indicates that where the issue concerns how the vehicle was used, it is not purely a matter of law. While the only evidence as to the use of the truck came from plaintiff, the parties disputed the interpretation of that evidence. During both trial and appellate argument, Country Mutual did not directly argue that, unlike plaintiff's Chevrolet, which was used for personal transportation, the pickup truck was used for business purposes, but suggested that it was not so used only because plaintiff was not then employed. Therefore, even though Country Mutual did not introduce evidence to rebut plaintiff's testimony, the use of the truck was nonetheless disputed and the issue was proper subject matter for jury determination.

■ Defendant next argues that the trial court erred in admitting the partnership income tax returns since books of original entry, balance sheets, and other accounting statements listing the pickup truck as an asset of the Joe Meyer Tree Service were requested pursuant to a notice to produce and were not turned over to Country Mutual. Country Mutual maintains that without these requested documents, it was severely limited in effectively cross-examining the accountant regarding the income tax returns. Furthermore, at oral argument, Country Mutual also claimed that the tax returns were not produced in a timely fashion.

Country Mutual relies on *Campen v. Executive House Hotel, Inc.* (1982), 105 Ill. App. 3d 576, 434 N.E.2d 511, as authority for the proposition that the trial court should have barred the admission of the tax returns as a sanction for failing to comply with the notice to produce. However, imposing sanctions against a party for noncompliance with discovery rules is within the discretion of the trial court. (*City of Chicago ex rel. Cohen v. Keane* (1982), 105 Ill. App. 3d 298, 305, 434 N.E.2d 325.) *Campen* does not require trial courts to find violations and impose sanctions but merely reaffirms the trial court's discretion to do so, which has been granted pursuant to Supreme Court Rule 219(c) (87 Ill. 2d R. 219(c)). Here, there was testimony that the documents had been searched for but were not found, and it was within the trial court's discretion to believe that testimony and decline to impose sanctions. See *City of Chicago ex rel. Cohen v. Keane* (1982), 105 Ill. App. 3d 298, 305-06, 434 N.E.2d 325.

■ Country Mutual contended at oral argument that the tax returns were not produced at the opening of trial, as specifically required by the notice to produce and subpoena, and thus should not have been admitted into evidence. However, after a careful reading of Country Mutual's appellate brief, we note that this argument is not contained therein. Points not argued in the appellant's brief are

waived and shall not be raised in oral argument. (87 Ill. 2d R. 341(e)(7); *Board of Education v. Ballweber* (1983), 96 Ill. 2d 520, 527-28, 451 N.E.2d 858.) However, even if we were to ignore considerations of waiver (see *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 973, 447 N.E.2d 1358), the result would be the same. The notice to produce requested that the documents be turned over at the opening of trial. Although the tax returns were turned over during trial, they were presented on the first day of trial. Since the accountant did not testify until the second day of trial, Country Mutual cannot claim that it had no opportunity to examine those tax returns prior to the time of the accountant's cross-examination. Thus, we hold that the admission of the partnership income tax returns was proper.

■ Country Mutual's final appellate contention is that during closing argument, plaintiff compared his unsophisticated business practices and limited finances to the sophistication and considerable financial size of Country Mutual. Closing argument, however, was not recorded. An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and any doubts which may arise from the incompleteness of the record will be resolved against the appellant. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) It is no excuse for Country Mutual to argue that it was unaware that closing argument was not being transcribed (see *Lake County Forest Preserve District v. Vernon Hills Development Corp.* (1980), 85 Ill. App. 3d 241, 243, 406 N.E.2d 611, *aff'd* (1982), 92 Ill. 2d 72, 440 N.E.2d 848), since it could have filed a substitute for a report of proceedings authorized under Supreme Court Rule 323 (87 Ill. 2d R. 323; *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392, 459 N.E.2d 958), but failed to do so. Thus, we are unable to review this contention, and we affirm the trial court's ruling that comments made during plaintiff's closing argument were not improper.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

SEIDENFELD, P.J., and HOPF, J., concur.