(No. 59133.—

*In re* THOMAS E. KEANE, Attorney, Petitioner.

*Opinion filed June 29, 1984.*

SIMON, J., took no part.

Jerome H. Torshen, of Chicago (Jerome H. Torshen, Ltd., of counsel), for petitioner.

Jerome Larkin, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Thomas E. Keane, was admitted to the practice of law on October 13, 1932, and disbarred on consent on April 22, 1976. Petitioner was indicted and convicted of violations of title 18, United States Code, sections 371 (conspiracy) and 1341 (mail fraud) (1970), and sentenced to five years in prison. From April 1976 to February 3, 1978, he was incarcerated at the Federal Correctional Institute at Lexington, Kentucky, and on February 19, 1980, his parole was terminated. On November 23, 1981, he filed a petition for reinstatement and a panel of the Hearing Board, and the Review Board, with dissents

filed to each report, recommended that he be reinstated. We allowed the petition of the Administrator of the Attorney Registration and Disciplinary Commission for leave to file exceptions to the report and recommendation of the Review Board. 87 Ill. 2d R. 753(e).

The facts relevant to petitioner's conviction and the taxpayers' suit which followed are set forth in detail in *United States v. Keane* (7th Cir. 1975), 522 F.2d 534; *City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, and *City of Chicago ex rel. Cohen v. Keane* (1982), 105 Ill. App. 3d 298. Briefly stated, petitioner, while a Chicago alderman, and chairman of the city council's Committee on Finance, participated with two partners in the purchase, at the 1966 Cook County scavenger sale, of 1,878 parcels of real estate. It was charged that by use of information obtained in his official position he selected parcels for purchase which could be and were sold to other agencies, and used his influence to effect advantageous settlements of special-assessment liens on the property.

Petitioner testified before the Hearing Board, and several attorneys and judges testified concerning his contributions to the bar and the citizens of Chicago. The Hearing Board found that petitioner had demonstrated candor in his testimony, that he had been rehabilitated, was of good character, and "has an outstanding current knowledge of the law." It concluded that although he was 77 years of age he could make a contribution to the profession.

The record shows that petitioner has a close relationship with his family and since his release from the correctional institution at Lexington, Kentucky, has arranged and financed trips for his grandchildren, and has provided for some of their educational needs. Members of the present city council have consulted with him concerning financial problems involving the board of education and the new redistricting laws. Petitioner has stated that if he

were reinstated, he would participate in the law practice of his brother and nephew in an "of counsel" status, and perhaps would lecture on a part-time basis. He would avoid any publicity surrounding the events leading to his disbarment and the possible return of his license.

The sole contention of the Administrator is that the hearing and review boards erred in failing to recommend that petitioner be required to make restitution as a condition of his reinstatement. The Administrator contends that although the evidence showed that petitioner sustained a monetary loss through his involvement with the partnerships (522 F.2d 534, 543-44; 105 Ill. App. 3d 298, 304), petitioner should be held to account for the gross profits of the partnerships (the differences between the prices the partnerships paid for the parcels and the amounts for which they were sold). The Administrator contends that petitioner held these gross profits in the amount of $167,471.30 (see 522 F.2d 534, 543) as a constructive trustee for the city. The Administrator argues that petitioner, as a constructive trustee, should not be permitted to deduct the expenses of the partnerships, the means of effectuating the fraudulent scheme, from these gross profits. Alternatively, the Administrator argues that if expenses are deducted from the gross profits, only those expenses should be allowed which directly benefited and thus enhanced the value of the 218 parcels of real estate exploited by means of the use of petitioner's inside information and influence. The Administrator states, "a victim should not have to reimburse the felon for the cost of the scheme which the felon intentionally constructed in order to defraud the victim."

Petitioner contends that, as he did not profit from the transactions leading to his disbarment, any payment would be punishment, not restitution. He argues that it has not been shown in these proceedings that he profited from the transactions which formed the basis for his con-

victions and that it is clearly shown in *City of Chicago ex rel. Cohen v. Keane* (1982), 105 Ill. App. 3d 298, that he suffered a substantial loss. Petitioner argues that the Administrator's contention that, in determining whether there were profits to which the city was entitled, each parcel of real estate should be treated separately is made for the first time in this court. Petitioner argues that, since the venture was a single operation, its individual transactions should not be analyzed to determine a "gross profit" figure and that many of the expenses involved in the venture cannot be allocated to the sales of individual parcels.

In determining whether restitution is required we have considered that in *City of Chicago ex rel. Cohen v. Keane* (1982), 105 Ill. App. 3d 298, the taxpayers who brought the action on behalf of the city of Chicago were unable to show any loss suffered by reason of the transactions involved. We note, too, that contained in the record before us is the affidavit of Clark Burrus, who during the period involved was comptroller of the city of Chicago. He states that neither the funds nor the credit of the city of Chicago were in any manner involved and that the city neither gained nor lost money as a result.

The Administrator argues that the decision in the taxpayers' suit should not influence our decision here, but we note that he had earlier moved that the reinstatement proceedings be stayed pending the outcome of that suit, stating in his motion that the appellate court's resolution of the issues would "have a direct bearing on the ethical issue of accounting and restitution ***."

While we have held that restitution should be a condition of reinstatement except in those rare instances where repayment to the victims is conclusively established to be an impossibility (*In re Berkley* (1983), 96 Ill. 2d 404, 412), we hold that on this record no basis for restitution is shown. The Administrator has not asserted, and we have

not found, any other basis upon which reinstatement should be denied. Petitioner is, therefore, reinstated on the roll of attorneys.

*Petitioner reinstated.*

JUSTICE SIMON took no part in the consideration or decision of this case.